# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-1153

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHRISTOPHER MUSSO,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:05-cr-30101—**David R. Herndon**, *Chief Judge.*

ARGUED JUNE 6, 2011—DECIDED JULY 1, 2011

Before KANNE, EVANS, and SYKES, *Circuit Judges*.

EVANS, *Circuit Judge*. In 2005, Christopher Musso pled guilty to 11 counts of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). He subsequently was sentenced to a term of 37 months' imprisonment and three years of supervised release. Five years later, the government filed a petition to revoke Musso's supervised release, alleging that he had committed three viola-

tions of standard conditions and three violations of a special condition of the release. Musso admitted two of the three standard conditions violations (the third was dismissed by the government) but contested the alleged special condition violations, all of which related to his sexual offender treatment.[1]

After a revocation hearing, the district judge found that all of the allegations had been proven, revoked Musso's release, and imposed a within-guidelines sentence of six months' imprisonment and 30 months of supervised release.[2] The judge also announced several new special conditions of the supervised release. Musso appeals.

Back in 2006, when Musso received his original sentence for possession of child pornography (specifically, "graphic visual depictions . . . show[ing] an actual child engaged in a sex act"), the district judge imposed a special condition of supervision requiring Musso to "participate in an approved sexual offender treatment program" and to "abide by all rules, requirements, and conditions of the treatment program." Accordingly, in 2009, after his release from prison, Musso entered a

---

[1]  At oral argument, we questioned whether Musso's admissions regarding the standard conditions violations alone justified the revocation. At the revocation hearing, however, the district judge indicated that his findings on the contested issues could affect the disposition and sentence.

[2]  Musso was sentenced on January 5, 2011, so as of the date of oral argument, he had less than a month of imprisonment remaining.

treatment program and signed a contract regarding his responsibilities. The contract stated that Musso would "participate in group discussions, treatment activities, and written assignments" and that "simply showing up for sessions is not enough to be considered cooperative with treatment."

The contract also required Musso to avoid sexual material, including "[a]ny visual depictions of children engaged in sexual activity," "[a]ny other visual . . . materials intended for the purpose of causing sexual arousal featuring or describing children in a sexual or erotic manner," "[a]ny material not generally intended to be erotic, but used by me for the purpose of arousal or other sexual purpose featuring children" (to be identified through therapy), and "[m]aterial showing . . . overt sexual activity involving adults." The contract further specified that Musso should have no contact with children, except "[r]elatives, with direct eyesight supervision by an adult aware of offense history."

In August 2010, probation officers conducted a routine search of Musso's apartment. There, they found a box containing 37 photos of "female erotica." One of the pictures showed a girl of a questionable age in a bra and underwear. According to the officers' report, Musso explained that the photos were of women over the age of 18 and that it had been acceptable for him to possess the photos while in prison. Musso said that he had sent the photos to his parents before his release, and his parents recently had returned them to him. Musso's father later verified this information and surmised that his son had not looked through the box since its return.

The officers also searched Musso's cell phone and found seven pictures that he had taken at a high school car wash fundraiser. The photos showed Musso's young nephew with high school girls who were wearing shorts and t-shirts or tank tops. According to the officers' report, Musso explained that he went to the car wash with his family and that it was the girls' idea to involve his nephew in the car washing. Musso's mother later verified this information and also stated that she suggested that Musso take the pictures because she had left her camera in her car.

Also during the search, Musso volunteered that he had recently been helping a female friend, Sarah McBride. Specifically, on several occasions, Musso drove McBride and her infant daughter to the daughter's day care center while McBride's car was being repaired. On one occasion, Musso had McBride's daughter alone with him in his car while McBride test drove another vehicle. McBride later verified this information during a phone interview with a defense investigator.

Around the same time, Musso's probation officer, Mark Bundren, received information suggesting that Musso was not progressing in therapy. Bundren subsequently requested a summary of Musso's progress from his therapist, Kristen O'Steen. O'Steen reported in a letter that, while Musso offered appropriate feedback to other group members and was attentive and well-mannered, he "talked in group about superficial personal topics without examining the core issues that brought him to treatment." Musso "frequently use[d] denial,

minimization, and victim stance to avoid accountability for his actions." He also "lack[ed] motivation to participate meaningfully in group or consistently turn in his treatment homework."

Based on this information, the government filed a petition to revoke Musso's supervised release. Specifically, the government alleged that Musso violated a special condition of supervision requiring him to "abide by all rules, requirements, and conditions" of the sexual offender treatment program by: (1) failing to participate in sexual offender group treatment sessions and to turn in homework assignments, (2) possessing prohibited sexual materials, and (3) having prohibited contact with a minor.

After the revocation hearing, the district judge determined that the allegations had been proven by a preponderance of the evidence. Regarding the first allegation, the judge found that Musso was "not participating in therapy in a meaningful way[,] . . . doesn't do homework appropriately, . . . [and does] not talk about his own problems." Regarding the second allegation, the judge found that the "picture that was put in evidence of the young girl in her underwear [was] unquestionably something that [Musso] should not have had in [his] possession" and that Musso "ha[d] an obligation to go through those [pictures] and get rid of anything that's going to put you in trouble." The judge also found that "[i]t's a violation for [a] sex offender to take a picture like [the ones of the high school girls]." Regarding the third allegation, the judge found that Musso having McBride's daughter alone in his car was "unsupervised contact with a minor."

The judge concluded that "if one looks at the cumulative effect of these offenses, they tell a more serious story, and they at the very least raise a red flag for a concern about the future[.]" In addition to a term of imprisonment and supervised release, the judge also imposed new special conditions of the release, requiring Musso to: (1) submit to six months of "location monitoring" after his release from prison, (2) observe a 9 p.m. to 6 a.m. curfew, (3) refrain from frequenting, loitering, or residing within 500 feet of locations where children congregate, (4) have no supervised or unsupervised contact with any minor, and (5) forego volunteer activities that might result in contact with minors. Musso did not raise an objection to the new special conditions.

On appeal, Musso takes issue with the judge's decision to revoke his supervised release and the judge's imposition of new special conditions of the release. We review a revocation of supervised release for an abuse of discretion. *United States v. Young*, 41 F.3d 1184, 1186 (7th Cir. 1994). A district judge's factual findings are reviewed for clear error. *United States v. Berry*, 583 F.3d 1032, 1034 (7th Cir. 2009). Supervised release may be revoked if a violation of a condition of the release is proven by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3). To repeat, all of the contested allegations relate to a special condition of supervision requiring Musso to "abide by all rules, requirements, and conditions" of the sexual offender treatment program.

The judge found that Musso did not participate meaningfully in sexual offender group treatment sessions and

failed to turn in homework assignments. Musso's treatment contract stated that he would "participate in group discussions, treatment activities, and written assignments" and that "simply showing up for sessions is not enough to be considered cooperative with treatment." Yet O'Steen reported that Musso "talked in group about superficial personal topics without examining the core issues that brought him to treatment," "frequently use[d] denial, minimization, and victim stance to avoid accountability for his actions," and "lack[ed] motivation to participate meaningfully in group or consistently turn in his treatment homework." This evidence clearly supported the judge's finding.

Musso's only counterargument on this issue is that O'Steen's complaints were based primarily on Musso's contention that he did not commit the other alleged special condition violations. But, as shown by the excerpts we just discussed, O'Steen also determined that Musso was not progressing in therapy because of his failure to examine core issues, participate meaningfully in the group sessions, and submit homework assignments. And Musso specifically admitted the latter allegation in his appellate brief. Thus, there was no error in the judge's conclusion that the first allegation had been proven.

The judge also found that Musso possessed sexual materials prohibited by his sex offender treatment contract. The contract required Musso to avoid sexual material, including: (1) "depictions of children engaged in sexual activity," (2) "visual . . . materials intended for the purpose of causing sexual arousal featuring or describing

children in a sexual or erotic manner," (3) "material not generally intended to be erotic, but used by me for the purpose of arousal or other sexual purpose featuring children" (to be identified through therapy), and (4) "[m]aterial showing . . . overt sexual activity involving adults."

But during a search of Musso's apartment, probation officers found a box containing 37 photos of "female erotica." The images, such as the one admitted into evidence of the young female in her underwear, clearly violate at least one of the contract provisions that we just listed. And, contrary to Musso's assertions, the record indicates that he knew that the box was in his possession and that he was familiar with the pictures in the box. Thus, the judge did not err in finding that Musso "ha[d] an obligation to go through those [pictures] and get rid of anything that's going to put you in trouble."

Musso also knowingly possessed seven pictures showing his young nephew at a car wash with high school girls who were wearing shorts and t-shirts or tank tops. Musso and his mother came up with several reasons why Musso's actions were innocent, but the point is that Musso admitting to taking the pictures, all of which featured scantily-clad teenage girls. Such images arguably fall under the third prohibition in Musso's contract. But even giving Musso the benefit of the doubt on this matter (the evidence was slim regarding whether images like these were identified through therapy), Musso's possession of 37 photos of "female erotica" provided sufficient support for the judge's determination that the second allegation had been proven.

Finally, the judge found that Musso engaged in prohibited contact with a minor. The contract specified that Musso should have no contact with children, except "[r]elatives, with direct eyesight supervision by an adult aware of offense history." During the probation officers' search of Musso's apartment, he volunteered that, on several occasions, he drove McBride and her infant daughter to the daughter's day care center while McBride's car was being repaired. Musso further admitted that, on one occasion, he had McBride's daughter alone with him in his car. This conduct clearly violates the contract, as McBride's daughter was not Musso's relative. Thus, the judge did not err in concluding that the third allegation had been proven.

Musso also briefly challenges the judge's imposition of new special conditions of the release. Normally, we review such decisions for an abuse of discretion. *United States v. Ross*, 475 F.3d 871, 873 (7th Cir. 2007). But where, as here, a defendant did not object to the special conditions, our review is for plain error. *Id.* In his appellate reply brief, Musso argues that we should not apply plain error review because he had insufficient notice of the new special conditions, he had a limited opportunity to object, and any objection would have been futile. No matter. We would find the judge's decision proper even under the more favorable standard.

Special conditions must be reasonably related to the defendant's offense, history, and characteristics; the need for deterrence; the need to protect the public from the defendant; and the need to provide the defendant

with treatment. *See* 18 U.S.C. § 3583(d). The conditions cannot involve a "greater deprivation of liberty than is reasonably necessary" to achieve the latter three goals. *Id*. Here, the new special conditions required Musso to: (1) submit to six months of "location monitoring" after his release from prison, (2) observe a 9 p.m. to 6 a.m. curfew, (3) refrain from frequenting, loitering, or residing within 500 feet of locations where children congregate, (4) have no supervised or unsupervised contact with any minor, and (5) forego volunteer activities that might result in contact with minors. Musso argues that these restrictions seek to prevent contact offenses, and there is no reason to believe that he is dangerous to children.

Musso's original offense involved possessing "graphic visual depictions . . . show[ing] an actual child engaged in a sex act." More importantly, we have already determined that Musso committed three violations of an original special condition of the release, one of which involved having prohibited contact with a minor. Based on these facts, the judge did not abuse his discretion in imposing new special conditions aimed at preventing contact offenses.

For all of the foregoing reasons, the judgment of the district court is AFFIRMED.