**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 22 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10659 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00434-MCE-1 |
| v. | |
| JOSEPH JOHN GEORGE SCANIO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Submitted October 17, 2012[**]
San Francisco, California

Before: BEA and HURWITZ, Circuit Judges, and SESSIONS, District Judge.[***]

After pleading guilty to possessing child pornography, Joseph Scanio was

sentenced to a prison term and eight subsequent years of supervised release. The

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable William K. Sessions, III, United States District Judge for the District of Vermont, sitting by designation.

conditions of release provided that, absent permission from his probation officer, Scanio could not associate with known felons or engage in contact with minors.

After an evidentiary hearing, the district court held that Scanio had violated the terms of his release. The court revoked the release and sentenced Scanio to six months in prison, to be followed by eighty-seven months of supervised release.

Scanio argues that the district court erred in finding that he had unauthorized contact with minors and associated with known felons. He also challenges the six month prison term. We affirm.

1. Scanio admittedly attended a party at a skating rink together with a number of children. Scanio chose to be in the close presence of these children, and therefore engaged in "contact" with them. *See United States v. Musso*, 643 F.3d 566, 571 (7th Cir. 2011); *United States v. Johnson*, 446 F.3d 272, 281 (2d Cir. 2006). His probation officer did not grant Scanio permission to attend this party. The officer's failure to object to Scanio driving his daughter to skating practice was not blanket permission to attend all events involving children at the rink.

2. Scanio admitted that he repeatedly corresponded with persons he knew to be imprisoned felons. That correspondence constitutes forbidden association. *United States v. King*, 608 F.3d 1122, 1128 (9th Cir. 2010).

3. The district court did not abuse its discretion by revoking supervised release

and imposing a six month prison term.  The court expressly considered the factors in 18 U.S.C. § 3553(a) in imposing the sentence, which was in the middle of the applicable Guidelines range.

**AFFIRMED.**