In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-1714

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEWAYNE PREACELY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 09 CR 77—**Suzanne B. Conlon**, *Judge.*

ARGUED OCTOBER 22, 2012—DECIDED DECEMBER 7, 2012

Before BAUER and ROVNER, *Circuit Judges,* and RANDA, *District Judge.**

ROVNER, *Circuit Judge.* DeWayne Preacely pleaded guilty in 2009 to one count of tax fraud in violation of 26 U.S.C. § 7206(2). The district court sentenced him to

---

* The Honorable Rudolph T. Randa, District Judge for the United States District Court for the Eastern District of Wisconsin, sitting by designation.

18 months' imprisonment to be followed by a three-year term of supervised release. After his release from prison, the district court revoked Preacely's supervised release when the court concluded that he had violated a special condition of his supervised release prohibiting him from participating in his former occupation of tax preparer. Preacely appeals from the district court's decision to sentence him to a nine-month term of re-imprisonment followed by an additional three months of supervised release.

## I.

The facts on appeal are simple and undisputed. By way of brief background, Preacely's underlying conviction stemmed from his involvement in procuring fraudulent tax refunds for clients of his business, Personal Tax. Preacely's clients received illegitimate refunds by including on their tax returns items such as nonexistent business losses and dependents. Thus, in addition to the standard conditions of supervised release, Preacely's 2009 conviction contained the following special condition of supervised release: "Defendant is not to act directly or indirectly as a tax preparer during the term of supervised release except for his own family." When the district court imposed the special condition of supervised release, Preacely's counsel asked the following question by way of clarification: "Judge, may he own the business if he himself does not prepare any taxes himself?" The court responded, "No. No. I think he has compromised his integrity with a significant number of

fraudulent tax returns, and you should not engage in the business of tax preparation directly or indirectly."

Preacely was released from prison and began his term of supervised release in October 2010. Shortly thereafter, he transferred ownership of Personal Tax, at least on paper, to his wife. In early 2012, Preacely received a new probation officer, Mary Pierpauli. Pierpauli met with Preacely in February 2012, at which time she asked him about his involvement with Personal Tax. Preacely told Pierpauli that he no longer worked for Personal Tax, and that he was self-employed as a book-keeper.

Meanwhile, the IRS had initiated another investigation of Personal Tax after discovering that in 2011, 99.5% of the 1,762 tax returns filed by Personal Tax claimed refunds—of which over half were claims of self-employment income for alleged in-home childcare providers or beauticians. During its investigation, the IRS sent an undercover agent to Personal Tax; when the agent was there he inquired about a job and asked to speak to the vice-president. He was directed to Preacely, who told the undercover agent that if he had inquired earlier during the tax season Preacely would have hired him.

As part of its investigation the IRS also executed a search warrant at Personal Tax and interviewed a number of Personal Tax employees. The picture that emerged from these interviews painted Preacely as considerably involved in the business operations of Personal Tax. It came to light that Preacely hired employees, installed computer software and trained employees to use

it, signed employee paychecks, handled at least one complaint from a client, and had answered employees' questions while they prepared tax returns. Based on this information, the government moved for an arrest warrant and a rule to show cause why Preacely's supervised release should not be revoked. A probation officer submitted a report charging Preacely with two Grade C violations of his supervised release: (1) lying to his probation officer by denying that he worked for Personal Tax, and (2) acting indirectly as a tax preparer through his involvement with Personal Tax. The recommended range of re-imprisonment for a Grade C violation is between three and nine months.

In March 2012, the district court held a rule to show cause hearing. Preacely essentially conceded the facts outlined by the government, but argued that they failed to establish that he had acted "directly or indirectly as a tax preparer." Instead, he contended that he had been involved only administratively with the business by doing things such as dropping off food, office supplies, and signing paychecks (because his name had always been on the account). He maintained that such behavior was not prohibited by the specific terms of his supervised release, and also argued that if the supervised release term were intended more broadly to bar his affiliation with Personal Tax entirely then it should have specified as much. He also argued that the special condition of supervised release, unless narrowly construed to bar only the direct or indirect preparation of tax returns, was ambiguous and violated his due process rights.

The district court was unimpressed with Preacely's arguments and found by a preponderance of the evidence that he had violated the terms and conditions of his supervised release. The court chastised Preacely for taking the position that he had not violated the terms of his supervised release, noting that the evidence established that he was "running a tax preparer's business." The court further noted that Preacely's narrow view of the term of supervised release coupled with his lie to the probation officer "violated the very essence of the punishment imposed in this case." The court thus sentenced Preacely to a nine-month term of re-imprisonment. Preacely appeals.

## II.

Our review of a sentence for violating a term of supervised release is highly deferential. Indeed, we have noted that "it might be comparable to 'the narrowest judicial review of judgments we know,'" which is judicial review of prison disciplinary sanctions. *United States v. Robertson*, 648 F.3d 858, 859 (7th Cir. 2011) (quoting *United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007)). The district court may revoke supervised release if a violation of a condition of supervised release is proven by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3). We review the revocation of supervised release only for an abuse of discretion, and we review the district court's factual findings supporting that revocation for clear error. *United States v. Musso*, 643 F.3d 566, 570 (7th Cir. 2011).

Preacely's primary argument on appeal is that the evidence adduced at his revocation hearing did not establish by a preponderance of the evidence that he acted directly or indirectly as a tax preparer. Unsurprisingly, to support his argument Preacely takes the most narrow possible view of what he was forbidden from doing by the special term of supervised release. Specifically, he argues that he was simply performing "administrative duties" associated with running Personal Tax and that no evidence directly establishes his involvement in the precise act of preparing income tax returns.

Preacely's argument misses the mark. First, he fails to acknowledge the district court's clarifying comments at sentencing reflecting that Preacely should neither continue owning Personal Tax nor "engage in the business of tax preparation" directly or indirectly. There is no question that the evidence recounted at the supervised release revocation established Preacely's involvement in the "business of tax preparation." And the district court did not clearly err by concluding that by involving himself in the business of Personal Tax, Preacely was indirectly acting as a tax preparer. Preacely accepted the facts outlined by the government at the hearing—contesting only the "inferences" drawn from the facts. Those facts established that, among other things, Preacely answered questions for employees at Personal Tax preparing tax returns. That fact alone establishes by a preponderance of the evidence that Preacely acted indirectly as a tax preparer.

Preacely's statement to his probation officer that he was no longer involved with Personal Tax buttresses the district court's conclusion that Preacely's behavior violated the terms of his supervised release. Indeed, although Preacely now protests that he did not understand the prohibition against acting as a tax preparer to include managing day-to-day affairs at Personal Tax, the district court would not be clearly erroneous to infer otherwise from the fact that Preacely falsely denied his involvement in the business when his probation officer inquired. In short, the district court did not abuse its discretion when it concluded that Preacely's rather extensive involvement with Personal Tax violated the very essence of the special condition of supervised release prohibiting Preacely from directly or indirectly working as a tax preparer.

In a related vein, Preacely argues that the prohibition on working directly or indirectly as a tax preparer is unconstitutionally vague. Specifically, he claims that the condition fails to adequately specify what is and is not forbidden. He also maintains that because the district court did not adequately define what constituted working "indirectly as a tax preparer," he did not receive fair notice that his activities at Personal Tax were prohibited by the terms of his supervised release.

We are unconvinced by Preacely's due process challenge to the special condition of supervised release. A condition of supervised release is unconstitutionally vague if it fails to provide a person of reasonable intelligence adequate notice of what conduct is prohibited.

*United States v. Schave*, 186 F.3d 839, 843 (7th Cir. 1999). The primary problem with Preacely's argument is that he raises it too late. The time for Preacely to challenge the condition was at sentencing or on direct appeal, not at his revocation hearing. *See United States v. Flagg*, 481 F.3d 946, 950 (7th Cir. 2007) ("The proper method for challenging a conviction and sentence is through direct appeal or collateral review, not a supervised release revocation proceeding."). In any event, we are unpersuaded that the contested special condition of supervised release failed to make it clear that Preacely should avoid being involved in the day-to-day operation of Personal Tax, particularly when the provision is considered in conjunction with the district court's comments at sentencing.

Finally, Preacely concedes that the district court's choice of nine months' re-imprisonment, which was within the statutory limits and the applicable recommended range of imprisonment under the Sentencing Guidelines policy statements, is not plainly unreasonable. *See United States v. Berry*, 583 F.3d 1032, 1034 (7th Cir. 2009); *Kizeart*, 505 F.3d at 674-75.

## III.

For the foregoing reasons we AFFIRM the judgment of the district court.