**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2013
Decided July 12, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-2788

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06-cr-48-wmc-1 |
| EMMA THOMAS, *Defendant-Appellant.* | William M. Conley, *Chief Judge.* |

**O R D E R**

Emma Thomas began serving a 5-year term of supervision after her release in 2009 following a conviction for bank fraud, 18 U.S.C. § 1344. She soon violated the conditions of her supervised release by testing positive for marijuana and cocaine use, maintaining contact with felons and drug users, incurring a conviction for disorderly conduct, dropping out of her drug treatment program, failing to inform her probation officer of her current address, and possessing a dangerous weapon—leading the court to revoke her supervised release three times. The court sentenced her to a prison term of one day for the first revocation, and one year for the second; for her third revocation, the court sentenced her to a year and a day. Thomas filed a notice of appeal challenging the third revocation, but her appointed lawyer contends that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Thomas has not responded to counsel's motion.

*See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Thomas could challenge the revocation based on the sufficiency of the evidence and properly concludes that this argument would be frivolous. To revoke a defendant's supervised release, a district court must find by a preponderance of the evidence that the defendant violated the terms of supervised release. 18 U.S.C. § 3583(e)(3); *United States v. Preacely*, 702 F.3d 373, 375 (7th Cir. 2012). At the revocation hearing, Thomas admitted that a drug user frequently visited the residence where she was living. She also acknowledged that after moving out she failed to alert her probation officer of her new address. And despite an earlier warning from the judge about possessing dangerous knives, she testified that she kept in her purse a 7-inch knife (which she said she found on the sidewalk and hoped to pawn for money to fix her phone). This evidence was enough to show that Thomas had violated her conditions of supervised release. *See Preacely*, 702 F.3d at 375–76; *United States v. Musso*, 643 F.3d 566, 570–71 (7th Cir. 2011).

Counsel next asks whether Thomas could challenge her third reimprisonment term as plainly unreasonable and concludes that such a challenge would be frivolous. We agree. The court sentenced her to 12 months in prison based on her repeated inability to follow the conditions of her supervised release, including her disregard of an explicit warning about possessing dangerous knives. We would presume this sentence to be reasonable because it falls within the range of 8 to 14 months suggested by the sentencing commission (based on a Grade C violation and a criminal history category of VI). *See* U.S.S.G. § 7B1.4(a); *United States v. Berry*, 583 F.3d 1032, 1034 (7th Cir. 2009); *United States v. Kizeart*, 505 F.3d 672, 674–75 (7th Cir. 2007). The judge reasonably applied the relevant § 3553(a) factors by determining that a 12-month sentence was appropriate to provide deterrence, protect the community, and hold Thomas accountable for her failure to comply with the terms of her supervised release. *See* 18 U.S.C. § 3553(a)(2)(C), (a)(2)(B); *United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008); *United States v. Pitre*, 504 F.3d 657, 664–65 (7th Cir. 2007).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.