**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 13, 2016
Decided March 6, 2017

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-3858

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 11-10054-001 |
| | |
| JEREMY S. CARY, | Joe B. McDade, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Jeremy Cary was reincarcerated after he violated eight conditions of supervised release. On appeal, Cary challenges only one of the eight findings of violation: that he had unlawfully contacted a person under the age of 18. The district court based its finding on a text message that Cary admits he sent to a minor. Cary argues that there is insufficient evidence that he sent the text intentionally or that the minor received it. But because the record contains adequate evidence that Cary knowingly and successfully texted a minor and thus violated this condition of release, we affirm.

Cary was incarcerated for failing to register as a sex offender under 18 U.S.C. § 2250(a). He was released from custody in April 2013. Since then, he has violated the terms of his supervised release three times.

The third violation is the subject of this appeal. The district court found that Cary violated eight release conditions: (1) failing to report his possession of an active social media account without his probation officer's approval; (2) possessing and consuming alcohol; (3) using an unmonitored cell phone to access his Facebook account; (4) failing to take his prescription medication for his mental health treatment; (5) failing to abide by the rules of community confinement leading to his expulsion from the community confinement facility; (6) possessing an unmonitored cell phone with internet capability; (7) using his unauthorized cell phone to contact a minor; and (8) communicating with a convicted felon. In this appeal, Cary contests only the finding that he violated the seventh condition. That condition provides:

> You shall have no contact with any female person under the age of 18 except: (1) in the presence of an adult who is aware of the nature of your background and current offense, and who has been approved by the U.S. Probation Office; (2) in the course of normal commercial business; or (3) in other cases of unintentional and incidental contact.

(R. 95 at 6.) We have recently approved a similar condition. *See United States v. Warren*, No. 16-1492, 2016 WL 7046638 (7th Cir. Dec. 5, 2016).

Cary's probation officer testified at the revocation hearing. He had examined Cary's phone and found that one of its texting applications had sent a text message to R.K.—a 15-year-old female. He also noted that the address book in Cary's phone contained R.K.'s contact information. He further explained that Cary's texting application automatically suggested R.K. as a potential recipient because she was in his phone's address book. Finally, he noted that Cary would have seen R.K.'s photo, which the texting application displayed, before he sent her a text message.

Cary also testified. He admitted that he had sent a text message to R.K., but denied that he did so intentionally. He noted that R.K.'s last name and his girlfriend's first name both start with the letter K and that his texting application automatically suggests potential recipients, including "friends of friends," based on Facebook and Google. Thus, he surmised, his finger accidentally tapped on R.K. as an addressee when

he actually intended to text his girlfriend. He added that, because R.K. did not respond, he never made contact with her.

The district court found that Cary violated the condition barring intentional contact with female minors. The court ruled that Cary "did, in fact, have contact with a 15-year-old as alleged in violation number 7," even if she did not respond to his message. In explaining why it rejected Cary's defense that any contact was accidental, the court noted that Cary had a history of deceiving and manipulating the court. The court reincarcerated Cary for 14 months, to be followed by 36 more months of supervised release.

"[W]e review the revocation of supervised release for abuse of discretion, and we review the district court's factual findings supporting that revocation for clear error." *United States v. Raney*, 797 F.3d 454, 463 (7th Cir. 2015).

On appeal, Cary argues that the court had insufficient evidence to find that he intentionally contacted a person under the age of 18. He contends that, even though he sent the message through a cell phone application, he did not know that R.K. was a minor. He further claims that he sent the text unintentionally. Finally, he argues that no evidence suggests that R.K. received the message (because she never responded).

We disagree. The district court did not clearly err in finding that Cary intentionally and knowingly contacted a minor. Because R.K. was in his phone as a contact, the court reasonably could infer that Cary knew her and that she was not just a "friend of friends." Moreover, when the texting application auto-suggested that he could send her a message, her photo would have popped up on his phone. From the photo's appearance, the district court reasonably could conclude that Cary knew whom he was selecting as a recipient. And because the photo revealed her young age, the district court also reasonably could find that Cary knew that he was texting a minor. Finally, because Cary admits that he sent the text, the court reasonably could conclude that R.K. received it, even if she did not bother to reply. *See Ball v. Kotter*, 723 F.3d 813, 830 (7th Cir. 2013) (courts may reasonably presume that electronic messages, once sent, are received); *Kennell v. Gates*, 215 F.3d 825, 829 (8th Cir. 2000) (same).

Although Cary denied that he intended to select R.K, the district court was not required to credit his denial. *See United States v. Contreras*, 820 F.3d 255, 263 (7th Cir. 2016); *United States v. Austin*, 806 F.3d 425, 431 (7th Cir. 2015). Thus, the finding that a preponderance of evidence showed a violation was not clearly erroneous. And because

the other violations are uncontested, the district court did not abuse its discretion in revoking supervised release. *See United States v. Musso*, 643 F.3d 566, 570 (7th Cir. 2011).

AFFIRMED.