NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 16, 2018
Decided August 22, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| Nos. 17-3445, 17-3446 & 17-3447 | Appeals from the United States District Court for the |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Southern District of Illinois. |
| | Nos. 3:05-CR-30010-MJR-1, |
| *v.* | 3:05-CR-30011-MJR-1, and 3:05-CR-30044-MJR-4 |
| KELVIN ELLIS, *Defendant-Appellant*. | Michael J. Reagan, *Chief Judge*. |

**O R D E R**

In 2014 Kelvin Ellis was on supervised release for three separate federal convictions. Each sentence included the release condition that Ellis not "associate with any person convicted of a felony." Ellis violated that condition and the government petitioned the district court for a revocation of his supervised release. After several hearings, the judge granted the petition and sentenced Ellis to a year in prison and two additional years of supervised release. Ellis now appeals the revocation order and the

new sentence. We affirm on both grounds. Ellis's challenge to the revocation order is waived, and his arguments regarding the sentence are either waived or unpersuasive.

## I. Background

In the mid-2000s Kelvin Ellis was the target of three federal prosecutions in the Southern District of Illinois: one for tax fraud, one for election fraud, and a third for witness tampering and obstruction of justice. Ellis was convicted in all three cases and sentenced to over a decade in prison followed by three years of supervised release. As a condition of release in each case, the court ordered Ellis not to "associate with any person convicted of a felony[] unless granted permission to do so by the probation officer."

Ellis began serving his three-year term of supervised release in May 2014. But on April 26, 2017, an agent with the Federal Bureau of Investigation spotted Ellis having an extended conversation with Oliver Hamilton, a convicted felon. Hamilton had been sentenced in a well-publicized wire-fraud case only weeks earlier, and Ellis had worked for Hamilton during his employment with the City of East St. Louis. In light of these facts, the government concluded that Ellis knowingly violated the felony-association condition and promptly petitioned to revoke his supervised release.

Ellis moved to dismiss the petition. He argued that the felony-association condition had to be set aside because it was unconstitutional under *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015). The government conceded the legal point but nonetheless opposed the motion because Ellis's challenge to the condition was untimely under *United States v. Preacely*, 702 F.3d 373 (7th Cir. 2012). The district judge denied Ellis's motion to dismiss.

The judge then convened a series of hearings on the revocation petition. There Ellis admitted to his interaction with Hamilton, and the judge ultimately granted the revocation and resentenced Ellis to a year in prison followed by an additional two years of supervised release. Among the many release conditions, the court ordered Ellis to participate in a behavioral-therapy program and forgo employment or volunteer opportunities with entities that receive public funds.

## II. Discussion

Ellis challenges both the revocation of his supervised release and the sentence imposed. "[W]e review the revocation of supervised release for abuse of discretion … ,"

*United States v. Raney*, 797 F.3d 454, 463 (7th Cir. 2015), and "[w]e will sustain the sentence so long [a]s it is not plainly unreasonable," *United States v. Boultinghouse*, 784 F.3d 1163, 1177 (7th Cir. 2015) (internal quotation marks omitted).

We begin with the challenge to the revocation order. As discussed, Ellis's three criminal sentences included the supervised-release condition that he not "associate with any person convicted of a felony." Roughly a decade later we held that this condition "is 'fatally vague' because it appears to impose strict liability and does not define 'associate.'" *Kappes*, 782 F.3d at 849. Ellis renews his argument that we should set aside the revocation of supervised release because it's based on his violation of the now-invalid felony-association condition.

We need not address this argument; it comes far too late. "The proper method for challenging a conviction and sentence is through direct appeal or collateral review, not a supervised release revocation proceeding." *United States v. Flagg*, 481 F.3d 946, 950 (7th Cir. 2007). We will reject a defendant's claim if it runs afoul of this rule. *See Preacely*, 702 F.3d at 376. The judge properly applied these precedents in declining to address Ellis's argument. Ellis contends that revocation is inappropriate because the underlying release condition is unlawful. This is a direct attack on the original sentence that he cannot raise for the first time in a revocation proceeding or the ensuing appeal.

That leaves Ellis's challenges to his sentence. A judge can revoke supervised release and enter a sentence of imprisonment after considering certain factors enumerated in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e)(3). The prison term is also entitled to a "presumption of reasonableness" if it is "properly calculated under the [Sentencing] Guidelines." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Here the judge calculated three separate guidelines ranges for violations of the felony-association condition because it was included in all three of Ellis's criminal sentences. The judge calculated 5 to 11 months for the tax-evasion case, 6 to 12 months for the election-fraud case, and 6 to 12 months for the witness-tampering case. He then sentenced Ellis to four months in prison for each violation to run consecutively.

Ellis contends that a year-long prison sentence runs afoul of the § 3553 factors. But that's where his claim begins and ends; he provides next to nothing in the way of argument. That isn't enough to call a below-guidelines sentence into question. *See id.* ("Since Mykytiuk has offered nothing to indicate that his sentence offends the § 3553(a) factors, he has failed to rebut the presumption that his Guidelines sentence is reasonable."). And in any event, Ellis's sentence was plainly reasonable under § 3553. The judge determined that "the nature and circumstances" of Ellis's offense were

especially grave because Ellis knowingly violated a court order. He also concluded that the prison term was necessary to "afford adequate deterrence" because Ellis had demonstrated a lack of respect for the law. These are rational and supportable conclusions that we will not disturb on appeal.

Ellis's final challenge centers on the renewed conditions of supervised release imposed at the revocation hearing. The legal standard is well established:

> Under 18 U.S.C. § 3583(d), a sentencing court has discretion to impose appropriate conditions of supervised release, to the extent that such conditions (1) are reasonably related to factors identified in § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant; (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and (3) are consistent with the policy statements issued by the Sentencing Commission.

*United States v. Armour*, 804 F.3d 859, 867 (7th Cir. 2015) (quoting *United States v. Ross*, 475 F.3d 871, 873 (7th Cir. 2007)). Ellis argues that the judge improperly ordered him to decline employment and volunteer opportunities with entities that receive public funds. He claims this condition is unduly burdensome in light of his personal and criminal history. Ellis also asks us to vacate the condition that he participate in a behavioral-therapy program upon release. He faults the judge for failing to adequately explain why this condition was necessary.

These arguments have nothing to them. It was reasonable to restrict Ellis's involvement in publicly funded programs because he twice abused the public trust. He was convicted of tax evasion and election fraud, neither of which inspire confidence in the strength of his civic convictions. Additionally, we need not address the merits of the behavioral-therapy condition because Ellis has waived his argument. At sentencing the judge asked Ellis's counsel if she wanted further explanation of the reasons for the release conditions, and she responded that she did not. Ellis cannot manufacture an issue on appeal when he previously found the judge's explanation to be adequate. *See United States v. Lewis*, 823 F.3d 1075, 1083 (7th Cir. 2016) (finding waiver when "[t]he judge asked specifically about the extent of her explanations" and "[c]ounsel raised no objections").

AFFIRMED.