NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2018
Decided November 21, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1020

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 05 CR 576-1 |
| WILLIE P. DABNEY, *Defendant-Appellant*. | Rebecca R. Pallmeyer, *Judge*. |

**O R D E R**

A jury convicted Willie Dabney of unlawfully possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). The district judge sentenced him to 120 months' imprisonment, followed by 3 years' supervised release. We affirmed that judgment, *see United States v. Dabney*, 498 F.3d 455, 460 (7th Cir. 2007). Dabney violated the terms of his supervised release in 2015, 2016, and 2017. He appeals from the imposition of 8 months' imprisonment based on his latest violation. His lawyer moves to withdraw from the appeal, arguing that it is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). We agree with his attorney, grant the motion to withdraw, and dismiss the appeal.

A few months after Dabney left prison in 2015, he failed to report to his probation officer and to participate in mental-health treatment. Based on Dabney's admission that he violated his conditions of supervised release, the district judge mandated that he be placed in a halfway house for six months. But less than a year later, Dabney admitted that he again failed to report and to participate in mental-health treatment, and further, that he did not go to the halfway house. The judge revoked his supervised release and resentenced him to twelve months' imprisonment to be followed by 6 months' supervised release.

Soon after Dabney was back under supervised release, he again failed to follow the terms. Dabney lied to a probation officer, failed to participate in a mental-health treatment program, used a controlled substance (marijuana), and violated the terms of his home-confinement program. At his revocation hearing, Dabney admitted to the judge that he violated his conditions of supervised release, though he argued in mitigation that he had not returned to his prior gang life and that he struggled with mental-health conditions. Both the government and Dabney agreed that supervised release was not working. The judge concluded that Dabney's history of difficulty complying with "basic things" like getting treatment showed that he did not want "very badly" to change. After calculating the advisory range of imprisonment under the Chapter 7 policy statements to be 8 to 14 months, the judge sentenced Dabney to eight months in prison. Dabney appealed.

A defendant facing revocation of supervised release typically does not have a constitutional right to counsel unless he has a serious claim that he has not violated his conditions of release or a substantial argument against revocation that would be hard to develop without counsel. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Because Dabney admitted that he violated his conditions of release and does not offer a complex mitigating argument, we are not obligated to apply the *Anders* safeguards in ruling on counsel's motion to withdraw. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016).

As a matter of practice, however, we apply the *Anders* standard here. Counsel's brief explains the nature of the case and addresses the potential issues that an appeal of this kind might be expected to involve. Because counsel's analysis appears thorough, and Dabney has not responded to counsel's motion, *see* CIR. R. 51(b), we limit our review to the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Dabney could argue that the district court abused its discretion by revoking his supervised release. *See United States v. Musso*, 643 F.3d 566, 570 (7th Cir. 2011). A judge is entitled to revoke supervised release under 18 U.S.C. § 3583(e)(3) upon finding by a preponderance of the evidence that the defendant violated the terms. *Johnson v. United States*, 529 U.S. 694, 700 (2000); *United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007). Here, there is objective evidence that Dabney violated his conditions of supervised release. Moreover, Dabney admitted that he violated his conditions, and counsel finds no basis on which to argue that his admissions were unknowing or involuntary. Challenging the revocation, therefore, would be frivolous.

Next counsel appropriately concludes that a challenge to Dabney's sentence as procedurally unreasonable would be pointless. A district court would commit procedural error by failing to correctly calculate the guidelines range or by treating the guidelines as mandatory. *Gall v. United States*, 552 U.S. 38, 51 (2007). But here, the judge correctly calculated the range of imprisonment, based on the Chapter 7 policy statement, to be 8 to 14 months because of his criminal history category of VI and his Grade C violation. *See* U.S.S.G. § 7B1.4(a). The judge then sentenced Dabney to 8 months, at the low end of the range. We would also find frivolous an argument that the judge thought she could not deviate from the guidelines, since she acknowledged at the revocation hearing that the policy-statement range was advisory.

Last, counsel considers a challenge to Dabney's sentence as substantively unreasonable. We would presume that a sentence within the policy-statement range is reasonable, *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and we agree with counsel that the record would present no basis to disturb that presumption. First, the judge explained that the sentence was justified based on factors in 18 U.S.C. § 3553(a), including Dabney's history of repeatedly violating the terms of supervised release. This consideration led her to conclude that incarceration would help deter Dabney from committing future offenses. Second, the judge considered Dabney's mitigation arguments, including his mental-health and substance-abuse issues, as well as the fact that he is no longer a gang member. Therefore, counsel correctly concludes that it would be frivolous to challenge the substantive reasonableness of the sentence.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.