NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2018
Decided December 20, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1913

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 13-30043-001 |
| CHAY ANTHONY, *Defendant-Appellant*. | Sue E. Myerscough, *Judge*. |

**O R D E R**

Chay Anthony pleaded guilty to manufacturing methamphetamine, 21 U.S.C. § 841(a)(1). Only two months after Anthony was released from prison, he possessed and used methamphetamine and violated conditions of his sober-living program. Anthony admitted to a probation officer and to the district court at his revocation hearing that he violated the terms of his supervised release. Based on Anthony's Grade B violation and criminal history category of VI, the judge calculated the term of imprisonment under the Chapter 7 policy statements to be 21 to 27 months, *see* USSG § 7B1.4. As for supervised release, the judge said that Anthony could be sentenced to up to a life's term, *see* 18 U.S.C. § 3583(e)(3), (h); 21 U.S.C. § 841(b)(1)(C). The judge sentenced him to 27 months' imprisonment and 6 years' supervised release. Anthony filed a notice of appeal, but his lawyer moves to withdraw, arguing that the appeal is frivolous.

*See Anders v. California*, 386 U.S. 738 (1967). We agree with his attorney, grant the motion, and dismiss the appeal.

A defendant facing revocation of supervised release does not have a constitutional right to counsel unless he has a serious claim that he has not violated his conditions of release or a substantial argument against revocation that would be hard to develop without counsel. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Because Anthony admitted that he violated his conditions of release and does not offer a complex mitigating argument, we are not obligated to apply the *Anders* safeguards in ruling on counsel's motion to withdraw. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016).

As a matter of practice, however, we apply the *Anders* standard here. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Counsel's brief explains the nature of the case and addresses the potential issues that an appeal of this kind might be expected to involve. Because counsel's analysis appears thorough and Anthony has not responded to counsel's motion, *see* CIR. R. 51(b), we limit our review to the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Anthony could argue that the district court abused its discretion in revoking his supervised release. *See United States v. Musso*, 643 F.3d 566, 570 (7th Cir. 2011). Anthony admitted to his probation officer and to the court that he possessed and used methamphetamine, which violated his terms of supervised release. Counsel correctly finds no basis to argue that Anthony's admissions were unknowing or involuntary. The judge engaged in a lengthy colloquy, explaining the nature of the allegations and the consequences of admitting their truth, including the rights that Anthony was giving up, *see* FED. R. CRIM. P. 32.1(b), and the judge ensured that no one had induced him to admit the violations. Once the judge found that Anthony possessed methamphetamine, revocation was mandatory, *see* 18 U.S.C. § 3583(g)(1). Challenging the revocation, therefore, would be frivolous.

Next, counsel appropriately concludes that a procedural challenge to Anthony's sentence would be frivolous. A district court would commit procedural error by incorrectly calculating the guidelines range or by treating the guidelines as mandatory. *See Gall v. United States*, 552 U.S. 38, 51 (2007). But here, we could not find that the judge erred in classifying Anthony's methamphetamine possession as a Grade B violation because his prior drug conviction "exposed him to a maximum of two years in prison." *United States v. Trotter*, 270 F.3d 1150, 1156 (7th Cir. 2001); 21 U.S.C. § 844(a); USSG

§ 7B1.1(a)(2). Nor would we find that the judge erred in determining that Anthony's criminal history category was VI, that the correct policy-statement range was 21 to 27 months' imprisonment, *see* USSG § 7B1.4, or that Anthony could be sentenced up to a life term of supervised release, *see* 18 U.S.C. § 3583(e)(3), (h), 21 U.S.C. § 841(b)(1)(C). We would also find frivolous an argument that the judge thought she could not deviate from the guidelines, because she acknowledged at the hearing that the policy-statement range was advisory.

Finally, counsel explores a challenge to Anthony's sentence as substantively unreasonable. We would presume that a sentence within the policy-statement range is reasonable, *United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014), and we agree with counsel that the record presents no basis to disturb that presumption. First, the judge explained that the sentence was justified based on factors in 18 U.S.C. § 3553(a), including Anthony's repeated failures to stay off drugs. This led the judge to conclude that incarceration would help deter him from possessing and using drugs in the future. Second, the judge clarified why she thought that Anthony would be better served in prison rather than at another drug-treatment facility. She acknowledged that Anthony had been a drug addict since his teenage years, that he turned to drugs when grieving, and that he came from a hard background. But based on Anthony's repeated failures to change, she was skeptical that he was serious about addressing his addiction. Given the judge's consideration of the relevant factors, including Anthony's mitigating arguments, we agree with counsel that it would be frivolous to challenge the substantive reasonableness of the sentence.

We GRANT counsel's motion to withdraw and DISMISS the appeal.