**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2019
Decided March 13, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2384

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 3:06-cr-50068-1 |
| ANTHONY T. TAYLOR, *Defendant-Appellant*. | Philip G. Reinhard, *Judge*. |

**O R D E R**

Anthony Taylor was convicted in 2006 of bank robbery, using a firearm in furtherance of a crime of violence, and possessing a firearm as a felon. *See* 18 U.S.C. §§ 2113, 924(c)(1), 922(g)(1). He was sentenced to 138 months' imprisonment and 5 years' supervised release. Shortly after his release from prison in 2017, Taylor violated various terms of his supervised release by possessing a controlled substance (cocaine) and being convicted in state court of two crimes. At the revocation hearing he was resentenced by the district court to 16 months' imprisonment, within the sentencing

guidelines policy-statement range of 12 to 18 months. Taylor filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Taylor responded to counsel's motion. *See* CIR. R. 51(b).

We point out that *Anders* does not govern our review of counsel's motion to withdraw. *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). A defendant facing revocation of supervised release does not have a constitutional right to counsel unless he challenges the appropriateness of the revocation or asserts substantial and complex grounds in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Taylor did neither. Nevertheless, we follow the *Anders* safeguards to ensure consideration of potential issues. *See Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Because counsel's brief appears to be thorough and addresses issues that an appeal of this kind might be expected to involve, we limit our review to the subjects that counsel discusses, along with the contentions in Taylor's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first explores whether Taylor could argue that the district court abused its discretion by revoking his supervised release. *See United States v. Musso*, 643 F.3d 566, 570 (7th Cir. 2011). A district court may revoke supervised release under 18 U.S.C. § 3583(e)(3) if it finds by a preponderance of the evidence that the defendant violated a condition of release. *See United States v. Mosley*, 759 F.3d 664, 669 (7th Cir. 2014). Here, Taylor's state court convictions provided objective evidence that he violated conditions of release. Moreover, Taylor admitted to the violations, and counsel finds no basis on which to argue that Taylor's admissions were unknowing or involuntary. Challenging the revocation would be frivolous.

Counsel next considers whether Taylor could challenge the sentence imposed but correctly concludes that this challenge would be frivolous. At his revocation hearing, Taylor admitted that he had been convicted in state court of two Grade B violations. With a criminal history category of IV, Taylor's recommended reimprisonment range was 12 to 18 months, *see* U.S.S.G. § 7B1.4(a), and we may presume that his within-range sentence of 16 months is reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007), *United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014). We see no errors in these calculations that would overcome that presumption.

Counsel also considers but rightly rejects an argument challenging the district court's application of the pertinent factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e)(3). The court highlighted the nature and circumstances of the offense, noting that Taylor had been on supervised release for only four months before committing two felonies. The court also alluded to Taylor's criminal history, which it characterized as "not favorable." Finally, the court pointed out that Taylor had not benefited from his supervised release, acknowledging his failure to find employment.

In his response brief, Taylor repeats his arguments at sentencing that his federal revocation sentence should run concurrently with his state prison term. But the district court decided to impose a concurrent sentence based on the nature of Taylor's offense and the guidelines policy statement. Nothing in the record indicates that the court abused its discretion in doing so. *See* U.S.S.G. § 5G1.3(d) & cmt. 4; *United States v. Sandidge*, 784 F.3d 1055, 1064–67 (7th Cir. 2015).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.