NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2020
Decided March 27, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2593

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 15-CR-88-JPS |
| ALVERNEST KENNEDY, JR., *Defendant-Appellant.* | J.P. Stadtmueller, *Judge.* |

**O R D E R**

Alvernest Kennedy, Jr. pleaded guilty to possessing a firearm as a felon, *see* 18 U.S.C. § 922(g)(1), and served a 30-month prison sentence. Just one month into his term of supervised release, he violated his conditions of supervision by fleeing officers attempting to make a traffic stop (leading the officers on a high-speed chase that covered nearly 80 miles and lasted an hour and a half, after which he unsuccessfully attempted to flee on foot). Kennedy pleaded guilty in state court to attempting to flee or elude an officer and to second-degree reckless endangerment; he was sentenced to four and a half years' imprisonment and four years of supervised release. The government then sought to revoke Kennedy's federal supervised release based on his state court convictions (as well as for failing to notify his probation officer that the day after his release he had received several traffic citations). The district court revoked Kennedy's

supervised release and sentenced him to 12 months in prison—6 months to run concurrently to his state prison term, and 6 months to run consecutively. Kennedy appeals, but his appointed counsel concludes that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

At the outset we note that the Constitution does not provide a right to counsel in a revocation proceeding when, as here, the defendant does not contest the grounds for revocation or assert substantial and complex arguments in mitigation of the sentence. *See Gagnon v. Scarpelli*, 411 U.S. 778, 787 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Therefore, the *Anders* safeguards need not govern our review, but it is our practice to apply them nonetheless. *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might involve, and Kennedy has not responded to counsel's motion. *See* CIR. R. 51(b). Because the analysis appears thorough, we limit our review to the subjects that counsel discusses. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Kennedy could argue that the district court abused its discretion by revoking his supervised release and correctly concludes that he could not. A district court may revoke supervised release under 18 U.S.C. § 3583(e) if it finds by a preponderance of the evidence that the defendant violated a condition of release. *United States v. Musso*, 643 F.3d 566, 570 (7th Cir. 2011). Here, Kennedy pleaded guilty to two state crimes, and his subsequent state convictions provided ample, objective evidence that he violated a condition of his release—namely that he "not commit another federal, state, or local crime." *See United States v. Huusko*, 275 F.3d 600, 602–03 (7th Cir. 2001) (district court entitled to rely on state court conviction as proof of violation of state law). Further, Kennedy did not object to the facts set forth in the revocation hearing report before the district court.

Counsel next explores whether Kennedy could challenge his sentence procedurally but properly concludes that doing so would be frivolous. Kennedy did not object to the district court's application of the policy statements in Chapter 7 of the Sentencing Guidelines, so our review would be for plain error. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). The state court sentenced Kennedy to more than one year of imprisonment for each of his two convictions. Thus, under Chapter 7 each qualified as a Grade B violation of his supervised release. *See* U.S.S.G. § 7B1.1(a)(2). Given Kennedy's Grade B violations and his uncontested criminal history category of III, the district court correctly calculated his recommended range of reimprisonment as

8 to 14 months. *See id.* § 7B1.4(a). So an argument that the court plainly erred in calculating that range would be pointless.

Finally, counsel considers but rightly rejects a challenge to the substantive reasonableness of Kennedy's new sentence. His 12-month sentence falls within the policy-statement range and below the applicable two-year statutory maximum. *See* 18 U.S.C. §§ 924(a), 3559(a)(3), 3583(e)(3). A sentence, like Kennedy's, that falls within the policy-statement range is presumptively reasonable. *United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014). Moreover, the district court sufficiently justified the sentence based on the Chapter 7 policy statements and relevant factors under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3565(a). Specifically, the court highlighted the seriousness of the violations (that Kennedy had endangered his and others' lives in a high-speed chase), the timing (within a month of his release), and the need to promote respect for the law (Kennedy had "learned … precious little about respect for the law as an institution in our society"). In addressing Kennedy's only argument in mitigation—that his entire sentence should run concurrently to his state prison term—the court responded that there must be "incremental punishment to put some teeth" into the consequences for not abiding by supervised release conditions. But the court accepted Kennedy's mitigation argument in part, agreeing that no further federal supervised release was warranted and rejecting the guidelines recommendation that he serve the full revocation sentence consecutively to his state sentence. Under these circumstances, it would be frivolous to argue that Kennedy could rebut the presumed reasonableness of his sentence.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.