In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-3496

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CARDELL D. BROWN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:11-CR-30186-DRH-1 — **David R. Herndon**, *Judge.*

SUBMITTED MAY 13, 2016 — DECIDED MAY 17, 2016

Before KANNE, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* In 2012 Cardell Brown pled
guilty to failing to register as a sex offender, see 18 U.S.C.
§ 2250(a), and was sentenced to 18 months in prison followed
by 60 months of supervised release. Within months of being
released from prison, Brown was arrested by Illinois authori-
ties for violating the state's sex-offender registration law, 730
ILCS 150/3(a). He pled guilty and was sentenced to 18 months

in state prison. Brown's federal probation officer then petitioned the district court to revoke his supervised release, see 18 U.S.C. § 3583(e)(3), citing Brown's state case and his failure to submit timely supervision reports on five occasions. Brown admitted the allegations. The district court revoked his supervised release, ordered him to serve an additional 12 months in prison (consecutive to his new state sentence) and imposed a 10-year term of supervised release. Brown filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

There is no constitutional right to counsel in a revocation proceeding when, as here, the defendant admits violating the conditions of his supervision and neither challenges the appropriateness of revocation nor asserts substantial and complex grounds in mitigation. See *Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). The *Anders* safeguards thus do not govern our review of counsel's motion to withdraw, see *Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016), though we follow them to ensure consideration of potential issues. We invited Brown to comment on counsel's motion, but he has not responded. See Cir. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the potential issues that an appeal of this kind might be expected to involve. The analysis in the brief appears to be thorough, so we focus our review on the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first questions whether Brown could challenge the calculation of his reimprisonment range. Brown did not object to the district court's application of the policy statements in Chapter 7 of the U.S. Sentencing Guidelines, so our review would be limited to plain error. See *Wheeler*, 814 F.3d at 857; *United States v. Pitre*, 504 F.3d 657, 661, 664 (7th Cir. 2007). The new offense that Brown admitted committing—failing to register a change of address as a sex offender—was punishable by a term of imprisonment greater than one year, see 730 ILCS 150/3(a), 10(a); *id.* 5/5-4.5-40(a), and thus was a Grade B violation of his federal supervised release. See U.S.S.G. § 7B1.1(a)(2). The court correctly determined that the recommended range of reimprisonment—based on the Category III criminal history at the time of Brown's original sentencing and his Grade B violation—was 8 to 14 months. See U.S.S.G. § 7B1.4(a). The district court's order that Brown serve the term of federal reimprisonment after his new state sentence is also consistent with the relevant policy statement. See U.S.S.G. § 7B1.3(f).

Counsel also considers but rightly rejects a challenge to the reasonableness of the term of reimprisonment. As required by 18 U.S.C. § 3583(e), the court took into account the pertinent sentencing factors in § 3553(a), including the nature and circumstances of the violation (opining that failing to register as a sex offender is a "very serious crime"), Brown's history and characteristics (noting his multiple convictions for sex offenses involving children and his frequent parole violations), and the need to encourage Brown to comply with the court's orders. We would not find the new term of reimprisonment to be plainly unreasonable. See *United States v. Jones*, 774 F.3d 399, 404–05 (7th Cir. 2014); *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008).

Finally, counsel considers but dismisses as frivolous a po-
tential argument that the new term of supervised release is
unlawful or plainly unreasonable. The statute for the under-
lying conviction authorized a lifetime term of supervision, so
the 10-year term of supervised release the judge imposed on
revocation was within the permissible range. See 18 U.S.C.
§ 3583(k); U.S.S.G. § 7B1.3(g)(2). And, in light of the district
court's discussion of Brown's history and characteristics, we
would not find the new term of supervised release plainly un-
reasonable.

Counsel does not mention two standard conditions of su-
pervised release that the district court imposed and that we
have criticized as vague. First, we have said that language re-
quiring Brown to notify his probation officer of any change in
employment leaves unclear whether this condition applies
only to "'changing employers or also includes changing from
one position to another for the same employer at the same
workplace.'" See *United States v. Hill*, No. 15-3090, — F.3d —,
2016 WL 1381248, at *2–3 (7th Cir. Apr. 7, 2016), quoting
*United States v. Thompson*, 777 F.3d 368, 379 (7th Cir. 2015). Sec-
ond, the condition prohibiting Brown from leaving the judi-
cial district without permission lacks a scienter requirement
and so could improperly impose strict liability. See *Wheeler*,
814 F.3d at 858; *United States v. Kappes*, 782 F.3d 828, 849–50
(7th Cir. 2015).

That being said, we have no reason to believe that Brown
wishes to challenge these conditions, as counsel has not iden-
tified them as potential issues and Brown has not responded
to our invitation to comment on counsel's brief. See *United
States v. Bryant*, 754 F.3d 443, 447 (7th Cir. 2014). Moreover, if
Brown perceives these conditions to be vague, confusing, or

burdensome after he begins serving the term of supervised release, he would be free to seek modification under 18 U.S.C. § 3583(e)(2). See *United States v. Neal*, 810 F.3d 512, 518–20 (7th Cir. 2016).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.