NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 21, 2016
Decided December 22, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 15-2585

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> WARREN BALLENTINE, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 13 CR 88 <br><br> Matthew F. Kennelly, <br> *Judge.* |

## O R D E R

For his role as a lawyer assisting in two separate mortgage-fraud schemes, a jury found Warren Ballentine guilty of mail fraud, 18 U.S.C. § 1341, wire fraud, *id.* § 1343, two counts of financial institution fraud, *id.* § 1344, and two counts of making false statements to financial institutions, *id.* § 1014. The district court then sentenced him on all counts below the guidelines range to concurrent one-day terms of imprisonment with time served and concurrent three-year terms of supervised release. The court also ordered restitution of $140,940 and a $600 assessment. Ballentine filed a notice of appeal, but his newly appointed attorney has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Ballentine has not responded to our invitation to comment on counsel's motion. *See* CIR. R. 51(b).

Counsel's brief adequately explains the nature of the case and discusses potential issues that an appeal of this kind might be expected to involve, and thus we limit our review to the subjects that counsel identifies. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

In 2004 and 2005 Ballentine was involved in two schemes that used straw buyers to obtain mortgage loans and purchase rental properties in Chicago and surrounding suburbs. To obtain those mortgages on more favorable terms—100% financing and lower interest rates—the straw buyers lied on their loan applications that they intended to reside in the properties, among other falsehoods. Ballentine's role was the same in both schemes: He represented straw buyers at closings, which entailed going over the closing documents with them. Among these documents was an occupancy affidavit that required the buyer to affirm—falsely, in this case—that he or she would live in the home. The offenses charged in the indictment focused on Ballentine's representation of straw buyers at the closings for two Chicago properties, at 1506 S. Spaulding and 912 W. 86th Place.

Counsel first considers whether Ballentine could challenge the sufficiency of the evidence supporting the jury's verdict on the offenses concerning the 1506 S. Spaulding transaction—mail fraud, financial institution fraud, and making a false statement to a financial institution. But counsel properly concludes that the evidence, viewed in the light most favorable to the government, would enable a rational jury to find each element of the charged offenses. *See United States v. Cooper*, 767 F.3d 721, 727 (7th Cir. 2014). The government presented evidence that at the closing Ballentine represented the straw buyer, Marilyn Claiborne, and instructed her to sign an occupancy affidavit, even though she told him that she would not be using the property as her residence. Regarding mail fraud, the parties stipulated that the scheme involved the use of an interstate commercial carrier, UPS. *See United States v. Useni*, 516 F.3d 634, 648 (7th Cir. 2008). As for financial institution fraud, the parties stipulated that the scheme concerned an FDIC-insured institution, and the government introduced evidence that Ballentine instructed Claiborne to sign the affidavit knowing it was false. *See United States v. Parker*, 716 F.3d 999, 1008 (7th Cir. 2013). And as for the charge of making a false statement, the government introduced evidence that Ballentine counseled Claiborne to make the false statement in order to influence the lender's decision to extend the loan. *See United States v. Phillips*, 731 F.3d 649, 650 (7th Cir. 2013) (en banc).

Counsel also properly concludes that it would be frivolous to challenge the sufficiency of the evidence regarding the offenses pertaining to the purchase of 912 W.

86th Place—wire fraud and additional counts of financial institution fraud and making a false statement to a financial institution. Like Claiborne, the straw buyer, Dina Dunn, testified that Ballentine represented her at a closing, at which she falsely affirmed in an occupancy affidavit that she would make the property her primary residence. A rational jury could infer that Ballentine knew that the statement was false because just three days earlier he represented Dunn at another closing, at which she had signed another occupancy affidavit. Also at that closing, Dunn added, Ballentine had hushed her when she inadvertently mentioned renovating her actual residence, and he told her that, if anyone asked, she should say that she would be moving into the home she was purchasing. This evidence supported the conclusion that Ballentine knowingly and intentionally participated in a scheme to defraud the lender by counseling Dunn to falsely state her intention to occupy the property, and the parties stipulated that the lender was an FDIC-insured institution and that it financed the purchase through an interstate wire transfer.

Counsel next considers whether Ballentine could challenge the district court's calculation of the guidelines range but rightly concludes that any argument would be frivolous. In its calculation, the court accepted each of Ballentine's objections to the presentence report—lowering the loss amount substantially and declining to apply two-level adjustments for the use of a special skill and the use of sophisticated means in the offense. The court properly calculated a guidelines range of 30 to 37 months, based on a total offense level was 19 (a base offense level of 7 plus a 12-level increase for the loss of $341,000), U.S.S.G. § 2B1.1(a)(1), (b)(1)(G), and a criminal history category of I.

Counsel also considers whether Ballentine could challenge the reasonableness of his sentence, but properly concludes that such a challenge would be frivolous. Ballentine received a term of just a single day of imprisonment, and a sentence below the guidelines range is presumptively reasonable on appeal, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Purham*, 795 F.3d 761, 765 (7th Cir. 2015). Counsel does not identify any reason to challenge that presumption here, and we perceive none. And the district court adequately considered the factors in 18 U.S.C. § 3553(a), addressing, among other things, Ballentine's lack of criminal history, the deterrent effect of his likely disbarment, his inexperience as a lawyer at the time of his actions, and his relatively minimal role in the schemes. *See id.* § 3553(a)(1), (2).

Counsel does not mention any of the conditions of supervised release that the district judge imposed, but these include one condition that we have criticized. The condition that prohibits Ballentine from leaving the judicial district without permission

may improperly impose strict liability. *See United States v. Brown*, 823 F.3d 392, 395 (7th Cir. 2016). Nevertheless, we have no reason to believe that Ballentine wants to challenge this condition because counsel did not identify it as a potential issue and Ballentine—who currently is serving his supervised-release term—did not respond to the *Anders* brief. *See United States v. Bryant*, 754 F.3d 443, 447 (7th Cir. 2014). Moreover, if Ballentine finds the condition to be vague, confusing, or burdensome, he is free to seek modification under 18 U.S.C. § 3583(e)(2). *See Brown*, 823 F.3d at 395; *United States v. Neal*, 810 F.3d 512, 518–20 (7th Cir. 2016).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.