┌─────────────────────────────────────────────┐
│ **NONPRECEDENTIAL DISPOSITION**             │
│ To be cited only in accordance with Fed. R. App. P. 32.1 │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 12, 2018
Decided April 12, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2735

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-30083-001 |
| NATHANIEL L. CAPLER, *Defendant-Appellant*. | Sue E. Myerscough, *Judge*. |

**O R D E R**

Ten years ago Nathaniel Capler pleaded guilty to two counts of distributing crack cocaine, 21 U.S.C. § 841(a)(1), and eventually he was sentenced to 125 months' imprisonment and 6 years' supervised release. Nine months after Capler's release from prison, his probation officer petitioned the district court to revoke Capler's supervised release. *See* 18 U.S.C. § 3583(e)(3). In the petition the officer alleged that Capler had failed three drug tests in February and March 2017 and had admitted recent drug use. The assigned magistrate judge released Capler on bond, pending a revocation hearing, and ordered him to get inpatient substance-abuse treatment. In the months that followed his treatment, Capler tested positive for drugs three more times, though he denied using drugs at any time after he completed the program in June.

Although these more recent failed tests were the subject of a violation memorandum and request to revoke Capler's bond, the supervised-release revocation hearing proceeded on the original revocation petition, charging just the three positive tests in February and March. In his sentencing memorandum, Capler did not admit or deny drug use at those times. He argued that the court should apply the exception to mandatory supervised release revocation for drug-addicted supervisees and that he should be directed to get further drug treatment rather than imprisoned. He also urged the court to consider his failed tests as Grade C violations for drug use, rather than the more serious Grade B violation of possessing drugs, to produce a lower recommended term of reimprisonment.

After the district judge assured herself of Capler's competence and understanding, Capler waived his right to an evidentiary hearing regarding the alleged violations. The judge revoked Capler's supervised release based on the allegations in the petition and sentenced Capler to 27 months' imprisonment and 5 years' supervised release. Capler filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

Because Capler challenges the revocation of his supervised release, he does not have a constitutional right to counsel except to the extent that he challenges the appropriateness of revocation or asserts substantial grounds in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Nonetheless, our practice is to apply the safeguards of *Anders* to our review of counsel's motion to withdraw. *Brown*, 823 F.3d at 394. We notified Capler that he could respond to counsel's motion, but he has not done so. *See* CIR. R. 51(b). Because the analysis in the brief appears to be thorough, we focus our review on the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first questions whether Capler could challenge the factual basis for the revocation. A district judge may revoke a defendant's supervised release if the judge finds, by a preponderance of the evidence, that the defendant illegally possessed or used a controlled substance. 18 U.S.C. § 3583(d), (e)(3), (g)(1). In the district court, Capler waived his right to an evidentiary hearing, thus allowing the judge to find that Capler committed the charged violations. True, Capler insisted at the hearing that he had been clean since he completed drug treatment in June, but the revocation was based on violations that preceded that program. And, besides waiving his right to contest the charged violations, he implicitly admitted that he had used drugs around the time

alleged in the petition to revoke when he argued that he had failed drug tests in June and July because marijuana "takes 45 to 90 days to get out of your system." Thus we agree with counsel that it would be frivolous for Capler to challenge the district judge's finding that he illegally used and possessed controlled substances.

Next counsel contemplates the argument that the district judge abused her discretion when she revoked Capler's supervised release instead of ordering additional drug treatment, *see* 18 U.S.C. § 3583(d). As counsel correctly observes, however, the district judge acknowledged her authority to order drug treatment and explained why reimprisonment was warranted instead: Capler refused to "admit all instances" of drug use, and his prior drug treatment—including the 21 days of residential treatment after his release from prison—had not led to "any extended period of sobriety." The judge did not find Capler's denials of new usage credible. On this record, we would not conclude that the judge abused her discretion by ordering reimprisonment.

Finally, counsel considers whether Capler could argue that his term of reimprisonment is plainly unreasonable. We will uphold the term if the judge accurately calculated the reimprisonment range and considered the policy statements in Chapter 7 of the Sentencing Guidelines, the pertinent factors in 18 U.S.C. § 3553(a), and Capler's arguments in mitigation. *See Brown*, 823 F.3d at 394. Because Capler has two prior convictions for controlled substance offenses, simple possession of controlled substances is a Grade B violation for him. *See* 21 U.S.C. § 844(a); U.S.S.G. § 7B1.1(a)(2); *United States v. Wheeler*, 814 F.3d 856, 857–58 (7th Cir. 2016). So given Capler's Category VI criminal history at his original sentencing, the judge correctly found that the recommended reimprisonment range was 21 to 27 months. *See* U.S.S.G. § 7B1.4(a).

In sentencing Capler at the high end of that range, the judge considered the relevant policy statements and statutory factors, including Capler's history of failing to comply with his conditions of supervision and his bond pending revocation. As other aggravating factors the judge noted Capler's recurring drug use, a protective order that his wife recently had obtained against him, and his failure to report to his probation officer that he was arrested for failing to appear at a court date. Because the judge weighed the appropriate factors, a challenge to her choice of sentence would be frivolous. *See United States v. Jones*, 774 F.3d 399, 404–05 (7th Cir. 2014); *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008).

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.