**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 19, 2019
Decided February 25, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-2008

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the |
| *Plaintiff-Appellee*, | United States District Court for the |
| | Western District of Wisconsin. |
| *v.* | |
| | No. 14-cr-91-wmc-1 |
| DOMINIC BOYLAND, | |
| *Defendant-Appellant*. | William M. Conley, |
| | *Judge*. |

**O R D E R**

Dominic Boyland pleaded guilty to distributing crack cocaine, 21 U.S.C.
§ 841(a)(1), and was sentenced to 47 months in prison and 3 years of supervised release.
Boyland served his prison term. But in the first few weeks of supervised release, he
violated his conditions of release, and the probation office initiated revocation
proceedings. At the revocation hearing, the district judge found that he possessed and
used marijuana, stole gasoline, drove without a license, refused to enter a residential
reentry center, and failed to pay the $100 special assessment. Boyland did not contest
these facts.

After a lengthy exchange at the hearing, the judge deferred ruling and offered Boyland the chance to complete a 90-day treatment program. But before a slot opened at the treatment center, Boyland made threatening phone calls to his girlfriend and became a suspect in a theft, so the judge revoked his supervised release. Based on a Grade B violation (marijuana possession) and his criminal history category IV, the judge calculated a Sentencing Guidelines range of 12 to 18 months in prison. *See* U.S.S.G. § 7B1.4. Emphasizing Boyland's persistent "criminal thinking and criminal behavior," the judge imposed a sentence of 18 months in prison followed by 18 months of supervised release. Boyland appealed, but his lawyer moves to withdraw, arguing that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

A defendant does not have a constitutional right to counsel when facing a possible revocation of supervised release unless he has a serious claim that he did not violate his conditions of release or a complex mitigation argument that would be hard to present without counsel. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Boyland did not dispute that he violated his conditions of release, nor did he propose a complex mitigation argument. Thus, he had no right to counsel at his revocation hearing, and we are not obligated to apply the *Anders* safeguards in ruling on counsel's motion to withdraw. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016).

We apply the *Anders* standard here, however, as a matter of best practice. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Counsel's brief is cursory, but it nonetheless explains the nature of the case and addresses the potential issues that this type of appeal might involve. Because counsel's analysis appears adequate and Boyland has not responded to counsel's motion, *see* 7TH CIR. R. 51(b), we limit our review to the subjects discussed by counsel, *see United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

After noting that the "focus of [Boyland's] desire to appeal relates to challenging the reasonableness of the sentence," counsel first considers whether Boyland could challenge the judge's calculation of the Guidelines range and correctly concludes that doing so would be frivolous. Because Boyland's prior cocaine conviction "exposed him to a maximum of two years in prison," the judge correctly classified the marijuana possession as a Grade B violation. *United States v. Trotter*, 270 F.3d 1150, 1156 (7th Cir. 2001); 21 U.S.C. § 844(a); U.S.S.G. § 7B1.1(a)(2). And because Boyland's criminal history category is IV, the judge correctly calculated the Guidelines range of 12 to 18 months. *See* U.S.S.G. § 7B1.4. The 18-month term of supervised release was also appropriate in

view of the previous 3-year term of supervised release imposed for his cocaine conviction and his new sentence.

Second, counsel considers whether he could argue that Boyland's within-Guidelines sentence was substantively unreasonable. Counsel correctly concludes that the record presents no grounds for rebutting the presumption of reasonableness. *See United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014). The judge thoroughly considered the sentencing factors in 18 U.S.C. § 3553(a), though we have said that when revocation is mandatory, a judge "need not consider the § 3553 factors in check-list form[,] … [but] need only form an adequate statement of [the] reasons, consistent with [§] 3553(a)." *See Jones*, 774 F.3d at 404. The judge reasoned that Boyland's "uncontrolled anger" and the threatening phone calls he made after he was given an opportunity to enter a treatment program showed that Boyland was "stuck in criminal thinking and criminal behavior." A sentence at the high end of the Guidelines range, the judge continued, would "send a message" to Boyland, protect the community, and promote respect for the law. Given the judge's ample explanation, it would be frivolous to argue that the sentence was substantively unreasonable.

We GRANT counsel's motion to withdraw and DISMISS the appeal.