## NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 3, 2019
Decided June 3, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1251

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 04-cr-127-bbc-1 |
| MARK F. BRUMMITT,<br>*Defendant-Appellant*. | Barbara B. Crabb,<br>*Judge*. |

### O R D E R

In this appeal, Michael Brummitt seeks to challenge the revocation of his supervised release. His attorney has moved to withdraw from the appeal, arguing that it is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). We agree, grant the motion to withdraw, and dismiss the appeal.

Brummitt was convicted in 2005 of possessing a CD-ROM containing child pornography, *see* 18 U.S.C. § 2252(a)(4)(B), and was sentenced to 125 months in prison, followed by a three-year term of supervised release. His first term of supervised release began in 2014, but less than two years later, the district court revoked it. He served another 14 months in prison, and then began his second term of release in 2017.

The district court later revoked the second term of release, precipitating this appeal. The probation officer cited several Class C violations of Brummitt's conditions of release (including possession of photographs of his minor victims scantily garbed). Both in a letter to the court and during his hearing, Brummitt stipulated to several violations. These included using an unmonitored computer without permission, contacting a minor (his grandson) without permission, failing to report to a scheduled polygraph examination, and deleting files and search history from his monitored personal computer without permission. In addition to these admissions, his probation officer testified that Brummitt also had removed the required monitoring software from his personal computer and refused to participate in psychosexual counseling. The district court accepted Brummitt's admissions as well as the officer's testimony (the court found Brummitt's denials of this testimony not credible). Based on the relevant policy statement of the Sentencing Guidelines for Brummitt's Class C violations and a criminal history score of VI, the recommended range of incarceration for Brummitt's violations was 8 to 14 months. U.S.S.G. 7B1.4. After reviewing the sentencing factors in 18 U.S.C. § 3553(a), the judge sentenced Brummitt to a new term of 14 months' incarceration followed by an additional 22 months' supervised release.

In moving to withdraw, counsel briefs us on the nature of the case and addresses the potential issues that this kind of appeal might involve. Because there is not an unqualified constitutional right to counsel on an appeal of a revocation order, *see Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973), the safeguards of *Anders v. California*, 386 U.S. 738 (1967) need not govern our review. Nonetheless, it is our practice to follow them. *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Brummitt opposes counsel's motion. *See* Cir. R. 51(b). Because counsel's analysis appears thorough, we limit our review to the subjects that counsel discusses and the issues that Brummitt believes have merit. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

First, counsel considers whether Brummitt could reasonably argue that the revocation was either an abuse of discretion or based on a factual error, and correctly concludes he could not. As counsel explains, the district court may revoke a term of supervised release if the court finds "by a preponderance of the evidence" that the defendant violated a condition of release. 18 U.S.C. § 3583(e)(3). Because Brummitt stipulated to some violations and the probation officer credibly testified to others, an argument that the revocation was unsupported by a preponderance of the evidence would fail. Brummitt responds that we should ignore his stipulations because, he says, counsel presented them without Brummitt agreeing to them. But as counsel points out, at the revocation hearing Brummitt himself personally admitted to these violations. His

personal admissions, coupled with the probation officer's testimony, more than satisfied the preponderance-of-the-evidence standard for establishing the factual basis for revocation.

Counsel next considers and rightly rejects the argument that the sentence imposed on revocation was impermissible. We would overturn a sentence only if it were "plainly unreasonable," *United States v. Salinas*, 365 F.3d 582, 588 (7th Cir. 2004), which this sentence is not. As counsel explains, the district court consulted the correct policy statement of the Guidelines for Class C violations, selected a sentence within the recommended range, and discussed the range in relation to the § 3553(a) factors. *See Brown*, 823 F.3d at 394. The sentence—14 months' imprisonment and 22 months' supervised release—was also within the statutory limits for class C violations such as these. *See* 18 U.S.C. §§ 3583(e)(3), (h); *United States v. Perry*, 743 F.3d 238, 242 (7th Cir. 2014). Brummitt's only response is that the district judge supposedly had said during his first revocation hearing that she would not assign any more supervision if the second term of supervision failed. But even if this were true—and we see no such statement in the transcript of that hearing—Brummitt does not explain (nor do we see) how the judge's discretionary change of mind renders the new sentence unreasonable.

Finally, counsel rightly concludes that Brummitt could not raise a reasonable argument of ineffective assistance of counsel. Brummitt repeats his belief that counsel was ineffective by offering stipulations that Brummitt did not agree to. A defendant in a revocation proceeding in district court generally has no right to counsel under the Sixth Amendment and a limited right to counsel under the Fifth Amendment. *United States v. Jones*, 861 F.3d 687, 690 (7th Cir. 2017); *Brown*, 823 F.3d at 394. Even if we were to assume that the right applies in this case, the record does not support a reasonable argument that counsel was deficient. As we explained earlier, the revocation-hearing transcript refutes Brummitt's assertion on appeal that he did not agree to the proffered stipulations.

We thus GRANT the petition to withdraw and DISMISS the appeal.