**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2020
Decided January 22, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2077

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-30099-001 |
| JAMES ASSAD, *Defendant-Appellant*. | Sue E. Myerscough, *Judge*. |

**O R D E R**

James Assad pleaded guilty to possession with the intent to distribute methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C). After completing his term of incarceration, he began serving six years of supervised release. Following violations of the conditions of release, the district court revoked his supervised release three times, twice in 2018 and once in 2019. He now appeals the 12-month prison sentence that he received for the 2019 violation. His lawyer, however, moves to withdraw from the appeal, arguing that it is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). We grant the motion to withdraw and dismiss the appeal.

Assad had his term of supervision first revoked four years after his release from prison in 2014. He admitted to the district court that he violated his conditions of release by possessing methamphetamine, an admission confirmed by failed drug tests. And just a year earlier, Assad had agreed to extend his term of supervised release by six months after he had traveled with a person who possessed methamphetamine. The court now revoked his term of release and sentenced him to 49 days' imprisonment followed by two more years of supervised release.

The district court revoked Assad's second term of release after he failed another drug test just three months after the term began. The court sentenced him to 18 months of supervised release, commanding that while on release Assad "shall report" to jail every weekend, beginning every Friday at 6:00 PM.

Only three months later, Assad violated the terms of his supervised release again, this time by failing to report for weekend confinement. He phoned his probation officer almost a half hour after he was obligated to report to jail, at 6:25 PM on Friday, and announced that he was not going to jail. He said that he had severe hip pain and did not have anyone available to watch his dogs. Describing his excuses as "at best disingenuous" and decrying his "utter disregard" for his conditions of release, the government argued for 12 months of reimprisonment. Assad responded that he behaved reasonably: he had acute hip pain, he went to the hospital after the phone call, and when he tried to enter the jail later that evening, officers denied him entry because the jail lacked certain paperwork.

After a revocation hearing, the district court found that Assad inexcusably failed to report as required and revoked his supervised release. The district court highlighted Assad's history of violations of his terms of supervised release, noting that Assad was "unwilling or unable to comply with the conditions." Remarking that it had leniently imposed sentences "well below" the recommended policy-statement ranges at his past revocation hearings, the court stated that longer imprisonment was "necessary at this time." It sentenced Assad to 12 months' incarceration (between the recommended range of 8 to 14 months) with no additional term of supervised release.

In moving to withdraw, counsel briefs us on the nature of the case and addresses the potential issues that this kind of appeal might involve. Assad has not responded to counsel's motion. *See* CIR. R. 51(b). Because Assad does not enjoy an unqualified constitutional right to counsel on an appeal of a revocation order, *see Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973), the safeguards of *Anders v. California*, 386 U.S. 738 (1967)

need not govern our review. Nonetheless, our practice is to follow them. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Because counsel's analysis appears thorough, we limit our review to the subjects that he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Assad could plausibly argue that the district court abused its discretion in revoking supervised release because Assad's hip pain and the paperwork dispute may have a factual basis. But counsel correctly concludes that this argument would be frivolous. As counsel explains, a district court may revoke a term of supervised release if it finds by a preponderance of evidence that the defendant violated a condition of release. *See* 18 U.S.C. § 3583(e)(3). We will assume that Assad's hip pain limited his mobility and that jail officials would not grant Assad a belated entry. Nonetheless, Assad could have attempted to comply with his reporting duty by phoning his probation officer *before* 6:00 PM. But he chose not to do so. Thus, Assad could not plausibly argue that the district court unreasonably found that Assad violated this condition and revoked his term of release.

Counsel next considers and rejects the argument that Assad's 12-month prison sentence was procedurally or substantively deficient. As counsel explains, the district court correctly calculated the policy-statement range of 8 to 14 months' imprisonment, considered the 18 U.S.C. § 3553(a) factors (focusing mainly on the "history and characteristics of the defendant," *id.* at (a)(1)), and permissibly selected a sentence within that range. The district court knew about Assad's lengthy history of violating terms of his supervised release and the ineffectiveness of the lenient sentences that Assad received after those violations. True, in reimprisoning Assad, the district court did not expressly acknowledge Assad's asserted hip pain or his attempt to enter the jail after leaving the hospital. But as counsel correctly states, the court had already addressed these issues in overruling Assad's opposition to revocation. Accordingly, there would be no basis for us to conclude that Assad's 12-month sentence is "plainly unreasonable." *United States v. Salinas*, 365 F.3d 582, 588 (7th Cir. 2004).

Finally, counsel properly determines that any claim of ineffective assistance of counsel would not be appropriate on direct appeal. That argument is better saved for collateral review. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *see also United States v. Eskridge*, 445 F.3d 930, 932 (7th Cir. 2006).

We thus GRANT the petition to withdraw and DISMISS the appeal.