NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2020
Decided February 11, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2294

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-cr-40083-001 |
| CHRISTOPHER E. SOURS, *Defendant-Appellant*. | Sara Darrow, *Chief Judge*. |

**O R D E R**

After serving a 51-month term of imprisonment for wire fraud, 18 U.S.C. § 1343, Christopher Sours began serving a three-year term of supervised release. A little over a year later, the district court revoked Sours's supervision because he admitted to using methamphetamine. The judge sentenced him to a year and a day in prison, to be followed by a nearly two-year term of supervised release. Sours completed the new prison term, but while on supervised release, he once again admitted to drug use. (He had used cocaine on three different occasions.) The judge again revoked his supervised release, this time sentencing him to 18 months in prison without further supervision. Sours filed a notice of appeal, but his counsel asserts that the appeal is frivolous and moves to withdraw. Sours has not responded to counsel's motion. *See* 7TH CIR. R. 51(b). Because Sours does not have an unqualified constitutional right to counsel on an appeal

of a revocation order, *see Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973), the safeguards of *Anders v. California*, 386 U.S. 738 (1967), need not govern our review. Nonetheless, our practice is to follow them. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Because counsel's analysis appears thorough, we limit our review to the subjects he addresses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Sours could challenge the district court's authority to revoke his term of supervised release because the term had expired. *See United States v. Block*, 927 F.3d 978, 981 (7th Cir. 2019). But as counsel correctly explains, Sours's second term was revoked in June 2019, two months before it expired. Accordingly, the court retained authority to revoke Sours's term of supervision, and any challenge on this basis would be frivolous.

Counsel next considers whether the revocation was procedurally improper and correctly concludes it was not. Before revoking a term of supervised release and sentencing a defendant, the judge "is required to consider the U.S. Sentencing Guidelines policy statements and relevant sentencing factors." *United States v. Ford*, 798 F.3d 655, 663 (7th Cir. 2015). The judge did so here. She followed the chapter 7 policy statements when classifying, correctly, Sours's cocaine possession as a class B felony. *See* U.S.S.G. § 7B1.1(a). Given this classification and Sours's criminal-history category of IV, his policy-statement range was 12 to 18 months in prison. *See id.* § 7B1.4(a). Further, the judge complied with 18 U.S.C. § 3583(e) (governing revocations of supervised release) and considered the 18 U.S.C. § 3553(a) factors. The judge addressed the seriousness of Sours's noncompliance (noting that the violated condition was a part of his sentence for the underlying crime, "which was a serious one"); the need for deterrence (of "individuals who are similarly situated on supervised release"); and the need to protect the public (stressing his recidivism and the seriousness of the underlying offense). Counsel has identified no procedural error or misstep, nor do we see one.

Finally, counsel considers whether Sours could challenge the revocation sentence as substantively unreasonable and rightly concludes he could not. A sentence like this one that falls within the Guidelines policy statement range is presumptively reasonable, *see United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014), and nothing in the record rebuts that presumption here. The judge properly calculated the reimprisonment range, considered the Guidelines chapter 7 policy statements, applied the § 3553(a) factors, and rejected Sours's arguments in mitigation that his original sentence was too long, his

criminal-history category IV overstated his risk of recidivism, his cocaine use had not been consistent, and he has been attempting to find work.

We GRANT counsel's motion to withdraw and DISMISS the appeal.