NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted June 22, 2020
Decided June 22, 2020

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2086

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 04-cr-74-bbc-2 |
| TONY M. LISTER, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

After serving a 168-month prison term for distributing cocaine base, 21 U.S.C. § 841(a)(1), Tony Lister began a five-year term of supervised release in July 2016. (He originally was sentenced to 405 months in prison, but his prison term was reduced three times after retroactive amendments to the Sentencing Guidelines.) Halfway through his term of supervision, Lister was convicted in Illinois of possessing with the intent to deliver cannabis, 720 ILCS 550/5(e) (2018), and was sentenced to four years in state prison. The federal probation office petitioned the district court to revoke Lister's supervised release, alleging that he had violated his release conditions by possessing a controlled substance, committing another crime, disregarding his probation officer's instructions, and associating with a convicted felon without permission. Lister

stipulated to the violations at a May 2019 hearing, and the district court revoked his release. *See* 18 U.S.C. § 3583(g) (mandating revocation for possession of a controlled substance). The court sentenced him to 24 months' reimprisonment, to run consecutive to his state sentence, followed by 12 months of supervised release.

Lister filed a notice of appeal, but his attorney asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Lister did not respond to counsel's motion. *See* CIR. R. 51(b). A defendant does not have an unqualified constitutional right to counsel when appealing a revocation order, *see Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1978), so the safeguards in *Anders* need not govern our review. Even so, it is our practice to follow them. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Because the attorney's analysis appears adequate, we focus our review on the subjects he discusses in his brief. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first represents that Lister wishes to challenge only his sentence, so he properly refrains from discussing whether he could raise any non-frivolous arguments about the revocation decision. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016); *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Next, counsel rightly concludes that Lister could not raise a non-frivolous argument that his sentence was procedurally improper. The district court correctly classified Lister's most serious offense as a Grade A violation under U.S.S.G. § 7B1.1(a)(1) because his 2018 cannabis conviction, a Class 2 felony in Illinois, is a controlled-substance offense punishable by a prison term of more than one year. *See* 730 ILCS 5/5-4.5-35(a) (requiring prison term of "not less than 3 years and not more than 7 years" for Class 2 felony). Pairing this classification with Lister's criminal history category of IV, the court correctly calculated a range of 24 to 30 months in prison under the policy statements in Chapter Seven of the Sentencing Guidelines. *See* U.S.S.G. § 7B1.4(a).

Counsel also explores whether Lister could raise any non-frivolous challenge to the substantive reasonableness of his sentence. Lister would have to show that his sentence was "plainly unreasonable," overcoming the presumption that a term of reimprisonment within the policy-statement range is reasonable. *United States v. Jones*, 774 F.3d 399, 403–04 (7th Cir. 2014). He could not meet that burden. The district court took into account the sentencing factors in 18 U.S.C. § 3553(a) as required by § 3583(e). It noted that, after his release, Lister did "exactly what [he was] supposed to do" by

finding a job. But then he started "hanging around" with a convicted felon and went on to deliver a controlled substance. The court expressed concern that Lister still had not learned "to make good decisions" for himself. So, in light of Lister's "perplexing decision" to resume criminal activity, the court believed that another prison sentence was "necessary." It further explained that the 12 months of additional supervised release (which does not exceed the maximum term authorized by 18 U.S.C. § 3583(h)) was "necessary to provide additional opportunities to address [Lister's] correctional and rehabilitative needs and the risks associated with [his] personal history and characteristics." Finally, we see no basis for Lister to argue that the district court abused its discretion when it imposed the federal sentence consecutive to the undischarged state sentence. *See* 18 U.S.C. § 3584(a). We therefore agree with counsel that it would be frivolous to argue that any aspect of the sentence is unreasonable.

We GRANT the motion to withdraw and DISMISS the appeal.