NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2021
Decided October 20, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1256

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:10-CR-30243-SMY-2 |
| FLOYD B. GAMBLE, *Defendant-Appellant.* | Staci M. Yandle, *Judge.* |

## O R D E R

Floyd Gamble appeals the district court's revocation of his supervised release, but his counsel asserts that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). Gamble does not have an unqualified constitutional right to counsel in revocation proceedings, see *Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1973), and so the *Anders* safeguards need not govern our review. Nonetheless, our practice is to follow them. See *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Counsel's brief explains the nature of the case and raises potential issues that an appeal

like this would be expected to involve. Because her analysis appears thorough, and Gamble has not responded to her motion, see CIR. R. 51(b), we limit our review to the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Gamble originally pleaded guilty to Hobbs Act robbery, 18 U.S.C. § 1951(a), and served a 77-month prison sentence. After violating the terms of his supervised release by unlawfully restraining a woman, he was reimprisoned and sentenced to additional supervised release. About a year into that second term, his probation officer filed a petition to revoke his supervised release, alleging that he violated six conditions of his supervision, some multiple times. The most serious allegation was that he committed aggravated battery and armed robbery of a woman at a social gathering. He was also charged with multiple instances of driving with a suspended license; driving while carrying alcohol; and failing to report to his probation officer, submit various reports, and participate in mandatory mental-health treatment and education programs.

Because Gamble contested these allegations, the district court held an evidentiary hearing. Gamble's probation officer testified about his failure to comply with various requirements and about her interview with the alleged battery victim, during which she photographed the victim's injuries. Gamble's victim, a former romantic partner, also testified about how Gamble beat her to the point that he collapsed her lung, broke her nose, and separated her eyeball from her retina. The government also submitted police reports and photographs of these injuries. When Gamble testified, he conceded driving on a suspended license but broadly denied the other infractions, and his attorney suggested through witness questioning that another person committed the battery.

After reviewing the evidence, the district court found that the government had proved by a preponderance of the evidence that Gamble committed each violation other than armed robbery and skirting his education requirements. It then revoked Gamble's supervised release. After holding another hearing on sentencing, the court imposed 24 months' incarceration followed by one year of supervised release. These were the maximum available sentences by statute and at the top of the reimprisonment range under the policy statements in Chapter Seven of the Sentencing Guidelines.

Counsel first considers whether Gamble could raise a nonfrivolous challenge to the revocation of his supervised release. A district court may revoke release if it finds by a preponderance of the evidence that the defendant violated a condition of release. See 18 U.S.C. § 3583(e)(3). Here, the court held a hearing and gave Gamble a chance to defend against the allegations, as required by Federal Rule of Criminal Procedure 32.1.

The court considered the testimony of Gamble's probation officer, Gamble's victim, and Gamble himself. It determined that Gamble's denial was not credible, particularly because the battery was so similar to other violent crimes he had committed against female acquaintances. The court also considered the reports of law enforcement officers and the probation officer, and photographs of the victim's injuries, which had all been entered into evidence without objection. On this record, counsel rightly concludes that it would be frivolous to argue that there was insufficient evidence to satisfy the preponderance-of-the-evidence standard.

Counsel next considers whether Gamble could challenge his prison sentence as procedurally unsound and rightly concludes that he could not. The court correctly determined that Gamble's aggravated battery was a Grade A violation under U.S.S.G. § 7B1.1(a) because it carries a maximum term of imprisonment greater than one year. See 720 ILCS 5/12-3.05. Based on Gamble's category IV criminal history from his original sentencing, the court correctly calculated a policy-statement range of 18 to 30 months' imprisonment, see U.S.S.G. § 7B1.4(a), capped by a 24-month statutory maximum because the underlying conviction was for a class C felony. See 18 U.S.C. § 3595(e)(3). The court also correctly calculated that additional supervised release was limited to 12 months. See 18 U.S.C. § 3583(h).

Counsel last considers whether Gamble could challenge his sentence as substantively unreasonable and rightly concludes he could not. We would review the sentence only to determine whether it is "plainly unreasonable," *United States v. Salinas*, 365 F.3d 582, 588 (7th Cir. 2004). Sentences within a properly calculated policy-statement range, such as Gamble's, are presumed reasonable on appeal. See *United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014). Counsel has not identified any ground to rebut this presumption, nor could she. When sentencing Gamble, the district court properly weighed the § 3553(a) factors. As it explained, Gamble has a long history of violence toward women, and no prior sentence or stint of supervision has deterred him from violent acts. Given this, and the brutality of the battery, the court concluded that a maximum sentence was necessary to protect the community and prevent further offenses. The court also explained that the conditions attached to Gamble's supervised release were related to the mental health and substance abuse treatment that Gamble stated in his allocution that he needed.

We GRANT counsel's motion to withdraw and DISMISS the appeal.