NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2022
Decided March 21, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-2077

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 14-20072-001 |
| | |
| TROY D. BURKE, | Sue E. Myerscough, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

While Troy Burke was serving a sentence for bank robbery, he was granted furlough from federal prison and directed to report to a substance abuse rehabilitation center. But Burke never reported as required; he later pleaded guilty to escape in violation of 18 U.S.C. § 751(a), and was sentenced to 30 months' imprisonment and 36 months' supervised release. The district court later revoked his supervised release three

times for violations of the conditions, and he filed this appeal after the third revocation. But his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

Burke does not have an unqualified constitutional right to counsel when appealing a revocation order, *see Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1983), so the *Anders* safeguards need not govern our review. Nonetheless, our practice is to apply them. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). We notified Burke of counsel's motion, *see* CIR. R. 51(b), and he did not respond. Because counsel's brief explains the nature of the case and addresses potential issues that an appeal would be expected to involve, and the analysis appears thorough, we focus our review on the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

The first time the district court revoked Burke's supervised release, it sentenced him to 16.5 months' imprisonment and 19 months' supervised release. The second time, it sentenced him to 24 months' imprisonment and 12 months' supervised release— which Burke served for a month before being charged with violations. The third time the probation office petitioned for revocation, Burke waived his right to a contested revocation hearing and admitted to violations including domestic battery, criminal damage to property, possession and use of marijuana and cocaine, and failure to participate in substance abuse treatment and testing. The district court revoked supervised release and sentenced him to 18 months' imprisonment with no further supervised release.

Counsel does not tell us—as she should—whether Burke wants to challenge the revocation order or the admissions upon which it was based. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016); *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). But nothing in the revocation hearing transcript allows doubt that Burke knowingly and voluntarily waived his right to contest the violations and admitted the charged conduct. He confirmed that he understood the charges and the possible penalty, that he was waiving his right to a revocation hearing and admitting the violations of his own free will, and that he had discussed this choice with his attorney and was satisfied with his representation. *See* FED. R. CRIM. P. 32.1(b)(2).

Counsel first considers whether Burke could challenge his reimprisonment because the district court lacked the authority to impose additional supervised release after the previous revocation. She contends that, under 18 U.S.C. § 3583(h), additional supervised release for any revocation is the maximum term for the original offense— here, 36 months, 18 U.S.C. §§ 751(a), 3559(a)(4), 3583(b)(2)—minus the total

reimprisonment for all subsequent revocations. Because the district court sentenced him to a total of 40.5 months' reimprisonment (16.5 months plus 24 months) as of the second revocation, it could not—but nevertheless did—impose more supervised release. Therefore, counsel considers arguing that Burke's sentence is invalid because he should not have been subject to any conditions when he committed the present violations.

Counsel appropriately concludes, however, that this argument would be frivolous because it is too late to raise the issue in this appeal. Even if we assume that the district court might have erred—and we do not mean to imply that it did—that judgment was nevertheless final and enforceable because Burke did not appeal it within 14 days. *See United States v. McClain*, 16 F.4th 487, 491 (7th Cir. 2021). Burke was therefore required to adhere to the supervised release conditions and could be found guilty of, and sentenced for, violating them. *See id*.

Counsel next considers whether Burke could challenge the length of his latest prison sentence and correctly concludes that he could not. The 18-month sentence is below the two-year statutory-maximum for revocation following a conviction for the Class D felony of escape, 18 U.S.C. § 3583(e)(3), as well as the range of imprisonment called for by the policy statements in Chapter Seven of the Sentencing Guidelines. Burke's drug offenses were Grade A violations, U.S.S.G. § 7B1.1, and his original Criminal History Category is V, U.S.S.G. § 7B1.4, yielding a range of 30 to 37 months that is replaced by the lower statutory maximum by operation of U.S.S.G. § 7B1.1(b). Counsel identifies no other potential procedural errors with the sentence.

As for substantive reasonableness, counsel notes that the below-range sentence is presumed reasonable on appeal. *United States v. Bonk*, 967 F.3d 643, 650 (7th Cir. 2020). Nothing in the record rebuts that presumption. Burke argued for a lower sentence of time served based on the alleged error in his previous sentence, but the district court was required only to consider that argument, not to accept it. *See United States v. Jackson*, 860 F.3d 438, 449 (7th Cir. 2017). And the court explained the chosen sentence with reference to the factors under 18 U.S.C. § 3553(a) when it discussed the circumstances of Burke's offenses and the need to promote respect for the law (including his "extensive criminal history and lack of respect for the law, the Court and the probation office"), his history and characteristics (such as a "lengthy history of alcohol and illegal substance abuse"), the need to deter further crimes and protect the public, and the beneficial effect of substance abuse treatment for Burke. *See Bonk*, 967 F.3d at 651.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.