NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2022
Decided October 18, 2022

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 22-1695

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:07-CR-30191-DWD |
| DONALD J. FRIESE, *Defendant-Appellant*. | David W. Dugan, *Judge*. |

**O R D E R**

The district court revoked Donald J. Friese's supervised release after police officers arrested him driving a car that contained controlled substances. He appeals the revocation and the 17-month prison sentence, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Friese does not have an unqualified right to counsel in appealing the revocation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973). Still, our practice is to follow the *Anders* framework in this context. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Counsel's brief explains the nature of the case and addresses potential issues that an

appeal of this kind would typically involve. Friese has not responded with additional arguments for our consideration. *See* CIR. R. 51(b). Because counsel's analysis appears thorough, we limit our review to the issues she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Friese pleaded guilty in 2008 to conspiracy to possess cocaine base, 21 U.S.C. §§ 841, 846, and unlawful possession of a firearm as a felon, 18 U.S.C. § 922(g)(1). The district court sentenced Friese to 125 months' imprisonment and three years' supervised release. He served his prison term and part of his supervised release before being reimprisoned for violations of the conditions of supervision. He began serving supervised release again in January 2022.

That February, police officers in Sparta, Illinois, arrested Friese for possession of methamphetamine and driving with a revoked license after pulling over the car he was driving for a traffic violation. The government then petitioned to revoke Friese's supervised release, alleging that the conduct leading to his arrest also violated multiple conditions of his supervised release. The most serious alleged violations were possessing drugs and committing another state or federal crime (driving with a revoked license and drug possession). The others were associating with someone engaged in criminal activity, traveling to Sparta without advance permission from his probation officer, not submitting a monthly report, and failing to attend substance-abuse treatment. Friese contested the petition's factual allegations, and so the district court held a contested revocation hearing.

At that hearing, two police officers—one who initiated the traffic stop and one who arrived on scene shortly thereafter—testified. According to their testimony, Friese, who was driving his girlfriend, his 17-year-old son, and another passenger, was stopped for driving with a broken taillight. Friese provided conflicting accounts of what he was doing in the area, and the officers discovered that his driver's license was revoked and that his girlfriend had an outstanding arrest warrant. A search of the car and passengers revealed methamphetamine, pills (later identified as a controlled substance), and small scales. The officers did not find any contraband on Friese: his son held the methamphetamine, the pills were on his girlfriend's seat, and the scales were in her purse. Friese's girlfriend later told police that the drugs were hers, and Friese's son said that she had given them to him. Friese's probation officer testified about the alleged administrative violations and what he learned of Friese's arrest. Friese's attorney cross-examined these witnesses, but Friese did not testify or submit evidence.

The district court found by a preponderance of the evidence that Friese constructively possessed methamphetamine, drove with a revoked license, associated with someone (his girlfriend) engaged in criminal activity, and did not comply with location monitoring. As a result, it found him guilty of the four corresponding violations and not guilty of the rest. The court concluded that the methamphetamine was Friese's by inferring that Friese's son was more likely to hold the drugs for his father than for his father's girlfriend; it further cited Friese's conflicting accounts of why he was in Sparta as evidence that Friese was part of the illegal activity.

The court then determined that, under the policy statements in Chapter 7 of the Sentencing Guidelines, the recommended reincarceration range was 18 to 24 months. *See* U.S.S.G. § 7B1.4(a). But the statutory maximum under 18 U.S.C. § 3583(e)(3) was 17 months and four days. The court sentenced Friese to 17 months' incarceration with no supervised release. When determining the sentence, the court discussed Friese's criminal history and its concern that further supervised release would not be successful.

In support of the motion to withdraw, counsel first considers whether Friese could raise a nonfrivolous challenge to the revocation of his supervised release. Counsel should not explore a possible challenge to revocation in an *Anders* brief unless the client, after counsel informs him of the risks, wants to challenge the revocation. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). It is unclear whether such a consultation occurred here.

Regardless, we agree with counsel that a challenge to the revocation decision would be frivolous. The court considered the testimony of two police officers and Friese's probation officer, and we would review the findings based on that evidence only for clear error. *See United States v. Patlan*, 31 F.4th 552, 556 (7th Cir. 2022). The evidence of Friese's drug possession, in particular, was not overwhelming, given the officers' testimony that Friese's girlfriend, who had the scales, claimed the methamphetamine as hers and that Friese's son said he got it from her. But the district court was entitled to conclude that it was more likely than not that the drugs were Friese's. The court explained that Friese's son would be more likely to accept drugs from Friese than his girlfriend and that Friese's obfuscating with the officers made it likely that he was involved with the drugs in the car. And the court inferred that Friese knew about the scales in his girlfriend's purse and that she had an outstanding warrant, and he was therefore knowingly interacting with someone engaged in criminal activity. A district court's reasoned choice between permissible views of the evidence could not be clear error. *See United States v. Waldman*, 835 F.3d 751, 756 (7th Cir. 2016).

Because there is no nonfrivolous challenge to the findings of fact, it also would be frivolous to argue on appeal that revocation was erroneous under 18 U.S.C. § 3583(e)(3). The court held a hearing and gave Friese a chance to defend against the allegations as required by Federal Rule of Criminal Procedure 32.1, so there was no procedural issue. *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014). And its decision to revoke based on its findings was not an abuse of discretion: Revocation was mandatory under 18 U.S.C. § 3583(g)(1) because the court found that Friese possessed a controlled substance. *Id.* at 403–04.

Counsel next considers whether Friese could contend that his prison sentence is based on a procedural error and rightly concludes that he lacks any nonfrivolous argument. The court properly determined that Friese's most serious violations, possessing methamphetamine and committing a new state or federal crime, were Grade B. *See* U.S.S.G. § 7B1.1(a)(2), (b). The court then correctly calculated Friese's guidelines range of 18 to 24 months based on a Grade B offense and his criminal-history category of V from his original sentencing. *See* U.S.S.G. § 7B1.4(a). It then substituted the statutory maximum of 17 months and 4 days as the guidelines range, as required. *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. §§ 5G1.1(a), 7B1.4(b)(1).

Finally, counsel considers, and correctly rejects, a potential challenge to the reasonableness of the 17-month prison sentence. A sentence for a supervised-release revocation will be overturned only if "plainly unreasonable." *United States v. Dawson*, 980 F.3d 1156, 1165 (7th Cir. 2020). This is a high bar, made higher here because the sentence falls within the effective guidelines range and would therefore be presumed reasonable on appeal. *See Jones*, 774 F.3d at 404. Counsel has not identified any ground to rebut that presumption, nor could she. When determining the sentence, the court properly considered the § 3553(a) factors, including Friese's significant criminal history and its concern that supervised release would not be an adequate deterrent. *See Dawson*, 980 F.3d at 1166.

We GRANT counsel's motion to withdraw and DISMISS the appeal.