NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 18, 2022
Decided February 22, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-2628

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:13-CR-40048-JPG-1 |
| RAY ALLEN FLENER, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

## O R D E R

After serving a prison sentence for falsely reporting to a federal officer that an organization was planning multiple bombings, *see* 18 U.S.C. §§ 1001(a)(2), 1038(a)(1), and less than two months into his second term of supervised release, Ray Flener violated multiple conditions of his release. A revocation hearing ensued, and Flener admitted the violations, including possessing methamphetamine. The district court revoked his supervised release and sentenced him to 15 months in prison and no additional supervised release. Flener filed a notice of appeal, but his attorney asserts

that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

Flener does not have an unqualified constitutional right to counsel when appealing a revocation order, *see Gagnon v. Scarpelli*, 411 U.S. 778, 789–90 (1973), so the *Anders* safeguards need not govern our review. Even so, our practice is to follow them. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind would be expected to involve. Because her analysis appears thorough, and Flener has not responded to counsel's motion, *see* CIR. R. 51(b), we limit our review to the subjects that counsel raises. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel, however, does not tell us—as she should—whether Flener wants to challenge the revocation order or the admissions upon which it was based. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). But nothing in the revocation-hearing transcript causes us to doubt that the admissions were knowing and voluntary. Indeed, at the hearing Flener confirmed that he was knowingly and voluntarily admitting the violations.

Counsel first considers whether Flener could argue that the court erred by revoking his supervised release and properly concludes that this argument would be frivolous. A judge must revoke supervised release upon finding that the defendant possessed a controlled substance, 18 U.S.C. § 3583(g)(1); *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014), and Flener admitted doing so.

Next, counsel evaluates whether Flener could argue that the court erred in calculating his sentencing range and appropriately concludes that it would be pointless to do so. Based on Flener's commission of a Grade B violation combined with a criminal history category of IV, the court properly calculated an advisory range of 12 to 18 months under the Sentencing Guidelines' policy statements. *See* U.S.S.G. § 7B1.4(a).

Counsel also properly discounts a possible argument that the court violated Rule 32.1 of the Federal Rules of Criminal Procedure. The court complied with that rule by confirming that Flener had received written notice of the alleged violations and by affording him an opportunity to present arguments in mitigation. *See* FED. R. CRIM. P. 32.1(b)(2).

Counsel next explores but rightly rejects a challenge to the substantive reasonableness of Flener's 15-month prison term. We presume a term within the policy-statement range like Flener's to be reasonable, *see United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014), and counsel has not identified any ground to rebut this presumption, nor can we. The district court adequately addressed the 18 U.S.C. § 3553(a) factors, alluding to Flener's mental health issues, repeated supervision violations, and violent criminal history. *See* § 3553(a)(1).

Finally, counsel considers whether Flener could argue that his lawyer's performance during the revocation proceedings was constitutionally deficient. This assumes that Flener had a constitutional right to counsel, but that right attaches in revocation proceedings only if the defendant contests the alleged violations or presents substantial and complex grounds in mitigation. *See Gagnon*, 411 U.S. at 789–90; *United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015). Those circumstances were not present in Flener's case because he admitted the violations. Moreover, as counsel notes, such claims generally should be reserved for collateral review, when the defendant may develop a full record, *see Massaro v. United States*, 538 U.S. 500, 504–05 (2003), and particularly here, where counsel on appeal also represented the defendant in the district court. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.